*J. W. Gordon*, for appellees.

---

JARBOE and Another *v*. SCHERB.

OPEN AND CLOSE.—Where in an action on a promissory note the general denial is pleaded in answer, the plaintiff has the right to open and close.

APPEAL from the Clay Common Pleas.

DOWNEY, J.—The alleged errors in this case are, first, the refusal to grant the defendant a new trial; second, refusing permission to the defendant to file a paragraph of payment

after the issues were closed; third, not allowing the defendant to open and close; fourth, in giving and refusing instructions.

The action was brought by Scherb against Jarboe and Brown, as partners, on a promissory note; and also for the price of personal property sold and delivered.

Answer, first, the general denial; second, to the first paragraph of the complaint, that the note was given for the price of a horse warranted to be "a good horse, and all right, that is, meaning and intending to, and did, warrant him to be sound in every respect;" that he was not a good horse, nor all right in every respect, at the time of the sale and execution of the note, but was affected with a disease, the name of which was unknown to the defendants, which injured him in the loins and hind legs and otherwise, and rendered him of little or no value, to the damage of defendants two hundred dollars. They also allege an offer to return the horse on discovery of his defects, and offer to set off their damages against the note, and pray judgment for the overplus; third, a a set-off for eighty dollars for keeping the horse, as per bill of particulars filed.

Reply in denial of the second and third paragraphs of the answer.

Trial by jury. Verdict for the plaintiff. Motion by the defendants for a new trial for the reasons, "first, the court erred in giving instructions by the court numbered 1, 2, 3, 4, 5, 6, 7, and 8; second, in refusing 1, 2, 3, 4, 5, 6, and 7, asked by the defendants; third, in refusing to allow the defendants to put in a plea of payment, &c.; fourth, in not allowing the defendants to prove payment, except upon the condition of *payment*, under the general denial; fifth, in not allowing the defendants to open and close; sixth, in admitting illegal evidence; seventh, in refusing legal and proper evidence."

This motion was overruled, and judgment rendered on the verdict. The evidence is not in the record, by bill of exceptions, but the instructions are copied.

1. The merits of the application of the defendants for leave to file an answer of payment after the issues were closed, depend alone on a misunderstanding between the counsel of the defendants as to what should be pleaded. One of them had read the complaint, the other had not. There was no error in refusing to allow the answer to be filed. But this matter was rendered immaterial by matter occurring afterwards. While the court was announcing its opinion on this point, the plaintiff offered to enter into an agreement to allow proof of payment under the general denial, but the defendants informed the court that as the burden of the proof would be on them any how, they wished to strike out the general denial; but the court gave the defendants to understand that a plea of payment could not be put in, and that the defendants might avail themselves of proof of payment under the general denial and the offered agreement of the plaintiff; and thereupon the parties made and executed the following agreement: "The plaintiff agrees that the defendants may introduce under the pleadings, as they now stand, all evidence they may have of payment of the claim set up in the second paragraph of the plaintiff's complaint."

2. After the plaintiff had closed his evidence, and the defendants began to make proof of payment of the claim contained in the second paragraph of the complaint, the plaintiff admitted that the said claim had been paid. The defendants then admitted the execution of the note sued on, and asked leave to open and close the case. This was refused.

This was right. The admission of the execution of the note amounted to nothing. Its execution was not denied. The general denial being in, the plaintiff had the right to open and close. *Howard* v. *Cobb*, 6 Ind. 5.

3. We have examined the instructions given, and those refused, which are referred to in the assignment of errors, and we think that those which were given express the law correctly, and that those refused were only requests for a repetition to the jury of what had already been said, or ought

not to have been given. There was no reason for a new trial.

The judgment is affirmed, with five per cent. damages and costs.

*S. Claypool, G. A. Knight,* and *G. P. Stone,* for appellants.