JOHN F. PHILLIPS, Appellant, *v.* PATRICK CAMPBELL, Sheriff, Respondent.

Where a sale was made by the treasurer of a corporation, not authorized by its by-laws to make such sale, but who was proved to have been in the habit of doing such business, with the knowledge and sanction of the company, and to have been in fact its sole managing agent, — *Held*, that the title passed by such sale.

(Argued December 13, 1870; decided December 20, 1870.)

APPEAL from a judgment recovered against the plaintiff in the City Court of Brooklyn, and affirmed by the General Term of the Supreme Court in the second district.

The plaintiff brought replevin for a horse and truck alleged to belong to the plaintiff, and to have been taken from him by defendant. The defendant alleged that he took the property, as sheriff, in virtue of an execution against the U. S. Rubber Company, and that the property in question at the time belonged to the company.

It was proved, on the trial, that the property in question had been purchased by the plaintiff from the company, and applied in payment of a debt due by the company to the plaintiff. The property had been in the plaintiff's possession some three weeks when levy was made.

*Amasa J. Parker*, of counsel for the appellant, insisted that sale was valid. (*Bank of U. S.* v. *Dandridge*, 12 Wheat., 79; *McCullough* v. *A. & E. R. R. Co.*, 4 Gill, 58; 26 Maine, 468; 17 Ill., 40; 20 N. Y., 268; 38 id., 346, 354; 3 Keyes, 525.)

*Troy & Place*, with *H. C. Place*, of counsel, insisted that treasurer could not make sale. (2 R. S., 5th ed., 600; 5 Hill, 221; 8 Bosw., 198; 34 Barb., 553; 55 id., 591.)

By the Court — PECKHAM, J. When the testimony was in, and the parties had rested, the defendant's counsel requested

the court to direct a verdict for the plaintiff, " on the ground that the pretended sale and transfer of the property of the corporation by Bramhill was unauthorized and void as against the plaintiffs in the execution, and did not divest the corporation of its title thereto; that there was no proof of the authority to him, either express or implied, from the corporation, to dispose of the same, and it was, therefore, properly levied on under the execution against the corporation." The court so directed : exception.

At the General Term, this direction was sustained. It appeared by the evidence that the sale of the property was made by the witness Bramhill to the plaintiff in payment of a debt he had against the United States Rubber Company; that Bramhill was the treasurer of the company; that the by-laws (which were introduced in evidence) did not confer upon the treasurer power to make this sale ; but it was abundantly proved that he had been in the habit of doing such business, with the knowledge and sanction of the company; that he was, in fact, the sole managing agent of the company, and his authority, by its uniform course of business, was ample. This was sufficient. Parties are not confined to any peculiar mode or kind of proof to establish the authority of an agent of a corporation to do an act of this character. (*Bank of U. S.* v. *Dandridge*, 12 Wheat., 79; *Conover* v. *The M. Ins. Co. of Albany*, 1 Cow., 290; *Mass.* v. *Rossie Lead Min. Co.*, 5 Hill, 137.)

But the respondent's counsel insists here that he presented another ground for the direction, viz., that the sale was against the provisions of the act prohibiting corporations from transferring property to any one in contemplation of insolvency, and was therefore void. (1 R. S., 603, § 4.) We do not so understand it. Only *one ground* was presented. He moved *on that ground.* He made no intimation that the corporation had not the right to make the sale, but only that Bramhill, the treasurer, had no authority to do so. Upon reading his proposition, no one could suppose that he alluded to the inca-

pacity of the company to sell, by reason of the act being done by the corporation in contemplation of insolvency.

The judgment is reversed, and a new trial ordered; costs to abide the event.

All concurring, except GROVER, J., who dissents.

Judgment reversed, and new trial ordered.