[No. 6,558.—Department One.]

## CHARLES McKIERNAN v. JACOB LENZEN.

Corporation—Contract—Agency.—A corporation is endowed with capacity to enter into any obligation or contract essential for its purposes, and for the transaction of its ordinary affairs ; and, where the power to contract exists, it may be exercised by the corporation or its agent, in the same way a natural person can contract, unless restrained by its charter to some particular mode of contracting.

Id. — Id. — Id.—Where the management of the affairs of a corporation is intrusted to a general managing agent, he has the power to assign the choses in action of a corporation to its creditors, either in payment of, or as security for, the payment of a precedent debt of the corporation, without express authority from the board of directors.

Id.—Id. — Id. —Id.— Preference of Creditors—Fraud — Bankruptcy.— In an action by the assignee of an account due to a corporation, assigned by the superintendent in payment of a debt of the corporation, in which the answer was a general denial, the Court in effect found that the assignment was made for the purpose of giving a preference to the assignee over other creditors of the corporation, and that the corporation a few days afterward filed a petition in bankruptcy. *Held*, that the answer, being a general denial, put in issue only the fact of the indebtedness and the assignment to the plaintiff, and that the finding of fraud in the assignment was outside the issues.

| 56 | 61 |
| 79 | 328 |
| 56 | 61 |
| 99 | 322 |
| 56 | 61 |
| 109 | 162 |
| 56 | 61 |
| 125 | 615 |
| 56 | 61 |
| 127 | 672 |
| 56 | 61 |
| f130 | 104 |

Appeal from judgment for the plaintiff in the Twentieth District Court, County of Santa Clara.

*D. M. Delman,* for Appellant.

1. The corporation had no power to make the transfer, for the reason that it was an act of insolvency—a giving of preference to certain creditors—and was not the transaction of ordinary business. (*Rollins* v. *Clay,* 33 Me. 132, 139; *Abbot* v. *The Am. H'd. R. Co.* 33 Barb. 578; *Taylor* v. *Earle,* 15 N. Y. Supreme Ct.; *Hoyt* v. *Thompson,* 19 N. Y. 217, 218.)

2. The superintendent and manager had no power to make the transfer in question. A general manager cannot convey real estate (*Stow* v. *Wyse,* 7 Conn. 219); borrow money (*Hawtayne* v. *Bourne,* 7 Mees. & W. 507; *Life & F. Ins. Co.* v. *The Mech. Fire Ins. Co.* 7 Wend. 31; *Knight* v. *Lang,* 4 E. D. Smith, 381); make a note (*Benedict* v. *Lansing,* 5 Denio, 283; *Torrey* v. *Dusten Monument Asso.* 5 Allen, 329); nor pledge the machinery of the Company (*Dispatch Line of Packets* v. *Bellany Man. Co.* 12 N. H. 228; *Luse* v. *The Isthmus & Transit Ry. Co.* 6 Oreg. 122, 132).

*Houghton & Reynolds,* for Respondent.

1. The facts found as to insolvency, etc., of the corporation, if they formed a defense, must be pleaded, and are immaterial under the pleadings.

2. The facts found, if pleaded, would not constitute a defense. The corporation had a right to proffer certain conditions. (*Billings* v. *Billings,* 2 Cal. 107.)

McKee, J.:

The San José Mill and Lumber Company, a corporation organized under the laws of this State, sold and delivered to the defendant lumber and materials of the value of $788.86, which were charged to him on its books. Its general manager and superintendent, in the name of the corporation, assigned the book account against the defendant to certain assignors of the plaintiff, in payment of a debt which the corporation owed to them, and the plaintiff brought this action to recover the amount

of the claim. To the complaint in the action, the defendant pleaded the general issue. No question is made as to the account itself; the Court below found it to be just, and the amount thereof to be due by the defendant. But it is contended that the general manager and superintendent of the company had no power or authority to assign the account to a creditor of the corporaration.

A corporation is an artificial person, and, as such, is endowed with the capacity to enter into any obligation or contract essential for its purposes, and for the transaction of its ordinary affairs. (§ 354, Civ. Code.) An assignment is a contract of transfer or sale; therefore a corporation may make an assignment; and what it may do by itself, it can do by an agent. "*Qui facit per alium facit per se*" is as applicable to a corporation as to a natural person. And where the power to contract exists, it may be exercised by the corporation or its agent, in the same way that a natural person could contract, unless restrained by its charter to some particular mode of contracting.

The general manager and superintendent of this company was its agent. No formal objection has been made to the assignment by him; the sole objection is, that he had no power to make it at all; the assignment, therefore, was properly made, if made for the purposes of the corporation, and in the natural course of its ordinary affairs.

When such a power has been conferred upon a corporation by its charter, the corporation has the right, in exercising the power, to deal in any respect, according to legal forms, with the subjects appertaining to its business. It has the right to buy and sell, and to contract debts, and, as incidental thereto, to execute promises to pay those debts, or to transfer its own *choses* in action for that purpose; and if its business is transacted by a general managing agent, who is suffered to exercise general authority in respect to the business, the corporation is bound by his acts within the scope of the powers assumed by him, in the same manner as if expressly granted. In respect to the management of its business, a general managing agent and superintendent is the representative of the corporation, and may do in the transaction of its ordinary affairs what the corporation itself could do within the scope of its powers.

In *Gillett* v. *Campbell*, 1 Denio, 522, where an indebtedness has been assigned by the president and cashier of a bank for the purpose of securing a debt which the bank owed, objection was made, upon the ground that no authority to make the assignment had been shown either by the laws of the company or a resolution of the board of directors. Judge Bronson held that it was an act within the powers of the corporation, and not out of the usual course of business. "Corporations," says Bronson, "like individuals, may appoint agents, and make most of the contracts which fall within the scope of their general powers, without the use of a seal. The rule was once otherwise, but that day has gone by." In *Carey* v. *Giles*, 10 Geo. 10, it was held that the cashier of a bank may do, independently of a board of directors, whatever properly appertains to his office ; and one of the acts which appertains to his office is to pay the debts of the bank by a transfer of negotiable securities. A transfer made under such circumstances is valid. So where a sale was made by the treasurer of a corporation not authorized by its by-laws to make such sale, but who was proved to have been in the habit of doing such business with the knowledge and sanction of the company, and to have been, in fact, its sole managing agent, it was held that the transaction was valid, and that the title passed by the sale. (See *Phillips* v. *Campbell*, 43 N. Y. 271.)

The result of the cases seems to be, that where the management of the affairs of a corporation is intrusted to a general managing agent, he has power to assign the choses in action of the corporation to its creditors, either in payment of, or as security for the payment of, a precedent debt of the corporation, without express authority from the board of directors, and an assignment so made is valid. The presumption is, that the assignment was made by one having competent authority. It is not necessary to show that he was appointed for the purpose by written or sealed commission.

It is urged that the assignment was made for the purpose of giving to the original assignees a preference over other creditors of the corporation, and with the knowledge on the part of the superintendent that the other creditors were about to attach the property of the corporation. The Court below does find that, on

the same day, and a few hours after the assignment had been made and the account had been delivered, the anticipated attachments were levied, and within a few days thereafter the corporation filed a petition in bankruptcy.

It was competent for the defendant to have attacked such assignment upon the ground of fraud; but, as we have already shown, the answer was only a general denial—that put in issue only the fact of the indebtedness and the assignment to the plaintiff. As to the indebtedness, there is no question; and the assignment being valid, the plaintiff was, therefore, entitled to judgment. If the defendant intended to attack the assignment for fraud, in fact, he should have done so by a proper answer. Having failed to do so, findings as to the insolvency of the corporation subsequent to the assignment, or of presumptive fraud in the assignment, were outside the issues.

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.