THE SHERMAN CENTER TOWN COMPANY v. WILLIAM B. SWIGART.

1. CORPORATION — *Contract Executed by Officers — Denial of Authority — Burden of Proof.* Where the president and secretary of a corporation execute a contract in behalf of the company, which is regular on its face and not shown to be outside of the regular business of the corporation, it is *prima facie* evidence that it was executed with authority, and those who deny the authority take upon themselves the burden of establishing their claim.

2. CONTRACT — *Authority to Make — Presumption.* Where the president and secretary of a corporation act openly and publicly as its agents in making contracts and generally in managing its business, with the understanding and acquiescence of the directors that they shall so act, the corporation will not be relieved from liability upon contracts so made, upon the mere ground that the directors failed to formally confer authority on these officers by vote or resolution entered on the records of the corporation.

*Error from Sherman District Court.*

THE opinion states the facts. Judgment for plaintiff *Swigart,* on May 17, 1887. The *Company* brings the case here.

*J. H. Sterling,* for plaintiff in error.

*Bagley & Andrews,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: William B. Swigart brought this action against the Sherman Center Town Company to recover damages for the breach of a contract by which the company bound itself to remove a building, with a stock of goods which was therein, from Itasca to Sherman Center, and there place the building upon lots which the company agreed to convey to Swigart, in good condition, over a cellar and foundation similar to that upon which it stood in Itasca. The cause was tried without a jury, and a general finding made by the court that Swigart was entitled to recover from the town company $250, and upon this judgment was entered. Some argument is made that the making of the contract was not within the

chartered powers of the company, but this question is not raised by the pleadings, and there is nothing in the record which discloses what the authorized purposes of the company are.

The principal contention is, that the contract was entered into without authority from the directors of the company. There is sufficient evidence we think to sustain the general finding, holding the company liable on the contract. It was executed in due form by the president and secretary of the company, and, being regular upon its face, and executed by the duly-constituted officers of the corporation, it is *prima facie* evidence that it was executed with authority, and those who deny the authority take upon themselves the burden of establishing their claim. The company has received the benefits of the contract, and no question regarding the authority of the officers was raised until about the time this action was brought. The board of directors consisted of seven members, a majority of whom resided in Sherman Center, and were fully cognizant that the president and secretary were acting for the company, and had made this and many other similar contracts in behalf of the company. Some claim is made that no authority had been formally conferred upon them to represent the company, and that the rules governing the corporation did not warrant them in the exercise of the powers which they assumed to exercise; but there is no competent proof what the charter and by-laws of the corporation provided, nor was the record of the official proceedings of the board of directors offered in evidence. Express authority by resolution, directing the president and secretary to represent the company and execute the contracts, is not indispensable to the exercise of that power by these officers, as their authority may be implied from their conduct and acquiescence of the directors. The general understanding among the directors was that the president and secretary should act for the company in making contracts and in managing the business affairs of the corporation. They acted openly and publicly as the agents of the company, with the full knowledge and acquiescence of the

directors.   The president of the corporation testified that there was no vote or resolution formally entered authorizing them to make contracts and manage the affairs of the corporation, and that the reason that a meeting was not called for that purpose was that they had been advised by their attorney that that procedure was unnecessary to the exercise of such authority.   While he says that no official record was made of their authority, it was understood among them that the president and secretary should do the business of the company.   We think the legitimate inference to be drawn from the testimony is, that they were legally authorized to act for the company, and that it should not escape liability upon its contracts on the mere ground that the authority was not expressly conferred by resolution entered upon the records of the corporation.   (*Building Ass'n v. Martin*, 39 Kas. 750; *Giles v. Ortman*, 11 id. 59; *Durham v. Coal Co.*, 22 id. 232.)

The refusal to continue the cause is assigned as error, but a sufficient showing of diligence to obtain the testimony of the absent witness was not made, and the court certainly did not abuse its discretion in denying the application.

The other objections are not of sufficient importance to require notice.   Judgment affirmed.

All the Justices concurring.