UNION NATIONAL BANK, Respondent, v. J. B. SHOEMAKER, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Corporations**: DIRECTORS: SHAREHOLDERS: CREDITORS. Where the entire number of the stockholders of a corporation act together and join in a sale of the property of the corporation, it is binding on the corporation and its creditors regardless of whether the officers of the corporation would have power under the circumstances to make the sale or not.

2. **Fraudulent Conveyances**: CHANGE OF POSSESSION. Where the purchaser of goods immediately following the purchase takes actual, open, and notorious possession thereof and holds the same until they are levied upon by the constable at a suit of the vendor's creditors, it is sufficient change of possession.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Downs, Bower & Barnes* for appellant.

(1) The court erred in admitting the resolutions of the directors and the bill of sale of the corporation, Meinrath Brothers & Company. 1 Ill. Stat., par. 20, 1886; Patterson on Corporations, par. 356; Taylor on Corporations [2 Ed.], par. 380; 1 Morawetz on Corpora-

tion [2 Ed.], par. 533 and 359; *Lead Mining Co. v. Reinhard*, 114 Mo. 218. (2) The court erred in giving plaintiff's instruction number 1. *Claflin v. Rosenburg,* 42 Mo. 448, 449; *Huggins v. Ellis*, 45 Mo. App. 585. (3) The court erred in overruling defendant's objection to the introduction of the resolution in support of plaintiff's title to the furniture, because it did not authorize the sale of the office furniture.

*Trimble & Braley* for respondent.

(1) The statute of Illinois regulating directors' meetings, has no extra territorial effect. *Hoyt v. Sheldon*, 3 Bos. (N. Y.) 267, 298; *Hoyt v. Thompson*, 19 N. Y. 207; *Ellsworth v. Railroad*, 98 N. Y. 553. (2) No resolution of the board was necessary to effect a conveyance of the property to plaintiff. *Sparks v. Transfer Co.*, 104 Mo. 531, 540; *Bambrick v. Campbell*, 37 Mo. App. 460, 463; *Fireclay Works v. Ellison*, 30 Mo. App. 67, 72; *Musser v. Johnson*, 42 Mo. 74; *Smith v. Smith*, 62 Ill. 493; *Chamberlain v. Mining Co.*, 20 Mo. 96; *McKiernan v. Lenzen*, 56 Cal. 61; *Hat Co. v. Eickemeyer*, 90 N. Y. 613; *Dana v. Bank*, 5 W. & S. 223, 247; *Town Co. v. Swigart*, 43 Kan. 292. (3) One of the purposes for which a trading corporation is created is the contraction and payment of debts and any part or all of its property may be conveyed to pay or secure its obligations. *Sargent v. Webster,* 13 Metc. (Mass.) 497; *Ashurst's Appeal*, 60 Pa. St. 290, 313; *Bank v. Iron Co.*, 97 Mo. 38, 44. (4) Even though the proceedings of the directors' meetings were irregular the sale to plaintiff was a corporate act and is unassailable. 1 Beach on Private Corporations, sec. 290. Directors may meet in foreign state, if stockholders agree. *Lead Mining & Smelting Co. v. Reinhard*, 114 Mo. 218, 227, and cases

cited; *Railroad v. McPherson*, 35 Mo. 13; *Handley v. Stutz*, 139 U. S. 422; *Bank v. Bank*, 107 Mo. 133, 144, 145. (5) The action of the president and secretary in executing the bill of sale was ratified by the corporation. *Bank v. Fricke*, 75 Mo. 178, 183; *Campbell v. Pope*, 96 Mo. 468; *Brass Co. v. Webster*, 37 Mo. App. 145, 154, 155; *Hax v. Mill Co.*, 39 Mo. App. 453; *Tub Co. v. Bank*, 122 Mo. 154, 158, and cases cited. (6) The plaintiff took actual and notorious possession of the property after the sale.

GILL, J.—Prior to June 16, 1894, Joseph, Eli, and Ariel Meinrath were conducting a salt fish business at Kansas City, Missouri, and Chicago, Illinois. For that purpose they had organized a private corporation under the laws of Illinois and were running the business in the corporate name of "Meinrath Brothers Company." The three brothers held all the stock and were the sole and only directors and officers in charge of the concern. They became largely indebted to the plaintiff bank; and on the date above mentioned agreed to and did turn over to the plaintiff the goods in question, with others (which it seems composed the entire stock at Kansas City) in partial payment and satisfaction of the debt. Thereupon Hill & Company, another creditor of the Meinraths, instituted an attachment suit and levied on a portion of the goods. The bank then brought this action in replevin against the constable to recover the same. At the trial below, the jury, under a peremptory instruction from the court, returned a verdict for the plaintiff, and from a judgment in accordance therewith defendant appealed.

On this appeal two objections are urged against plaintiff's title to the goods in question; *first*, that there was not a valid contract of sale by the Meinrath cor-

poration; and, *second*, that even if there was a valid agreement to that effect, yet the bank failed to take such actual possession of the goods as would be good against Hill & Company, a subsequent attaching cred-itor.

Under the first point, the question is whether or not the evidence showed a valid legal sale of the goods by the Meinrath corporation to the Union Bank. Late in the afternoon of Saturday, June 16, 1894, one of the bank's officers visited the store of the Meinraths, and after some negotiation agreed with the brothers (all three being present) on the purchase of their Kansas City stock at the price of $2,500, the same to be credited on the indebtedness to the bank. Thereupon the Mein-raths (all acting together) held what they termed a directors' meeting and unanimously adopted a resolu-tion authorizing the president to execute and deliver to the bank a written bill of sale; and this was done, the bill of sale being executed by the president, Ariel Mein-rath and attested by Joseph Meinrath as secretary. The bank's officers then took possession of the goods.

*CORPORATIONS: directors: share holders: credi-tors.*

Defendant's counsel contend that the bill of sale just mentioned was void, since its execution was author-ized at a meeting of directors held *outside the limits of the state of Illinois*, relying on a statute of that state which provides: "that the action of any meeting (by a board of directors) held beyond the limits of this state (Illinois) shall be void" unless previously author-ized or subsequently ratified by the directors at a regu-lar meeting.

In the briefs, we have been furnished with argu-ment and authorities made and cited by counsel of both sides, on the question as to whether or not this restriction of the Illinois statute has any extra territo-rial force; in other words, whether the Missouri credi-

tors of the Meinrath corporation were bound to take notice of the above prohibition on the power of directors to meet and transact business outside the home state of the corporation. The question is an interesting one and not free from doubt. But in the view we take of the case in hand a decision of that question is wholly unnecessary. It may be conceded that the Meinrath corporation brought along with it, as a part of its charter, this inability of its directors to hold a legal and regular meeting in this state, and yet, under the undisputed facts, we feel bound to hold that the corporation made a valid and completed sale of the goods in question to the plaintiff. In arriving at this conclusion we will concede this to have been a sale out of the usual course of trade and such as the agents of the corporation were not justified in making; and we also cast aside the so-called resolution and bill of sale, and attach no importance to the same, except as they show the manifest purpose and intention of the three Meinraths, who were present at the time, and who, as already stated, composed the entire number of stockholders in said corporation. As to it, said Joseph, Ariel, and Eli Meinrath were not only all its officers, agents and directors, but they held every share of its stock. They were in fact the corporation, and whatever all these shareholders did or consented to must be treated as the act of the corporation    1 Mor. Priv. Corp. [2 Ed.], secs. 227, 228, 488; Taylor, Priv. Corp., secs. 182, 183, 266, 269, 382; *Tyrell v. Railroad*, 7 Mo. App. 294; *Manhattan Brass Co. v. Webster Co.*, 37 Mo. App. 145; *Bank v. Fricke*, 75 Mo. 178, 183; *Lead, etc., Co. v. Reinhard*, 114 Mo. 218; *Handley v. Stutz*, 139 U. S. 417, 423; *Town Co. v. Swigart*, 43 Kan. 292; *Heath v. Smelting Co.*, 39 Wis. 146; *McKiernan v. Leuzen*, 56 Cal. 61.

I quote from the first named author: "The statement that a corporation is an artificial person, or entity, apart from its members, is merely a description, in figurative language, of a corporation viewed as a collective body; a corporation is really an *association of persons*, and no judicial *dictum* or legislative enactment can alter this fact. 3 Mor. Priv. Corp., sec. 227. Again: "It is well settled that, after an unauthorized act of the agents of a corporation has been ratified by the unanimous consent of the shareholders, it will be binding to the same extent as if it had been fully authorized by the corporation. In this instance the identity of a corporation and the whole number of its shareholders is recognized even by the courts of law. The previous assent of all the shareholders of the corporation has the same consequences as a subsequent ratification; it is in fact and in law the assent of the company." (Sec. 228.)

So then, regardless of the acts of the Meinraths as *officers* of the corporation, and regardless of whether or not they as agents thereof went beyond the limits of their authority, it is clear the sale as made was binding on them and on the corporation whose entire stock they owned and held. And of course if the sale was at the time valid as to the Meinrath corporation it was equally so as to Hill & Company, the subsequent attaching creditors—*provided* of course there was such a change of possession from the Meinraths to the bank as would answer the demands of our statute on fraudulent conveyances.

This brings us to the second point urged for reversal, to wit: was there such an open and unequivocal transfer of possession from the Meinrath corporation to the plaintiff. We think so.

FRADULENT conveyances: change of possession.

An examination of the record furnishes conclusive proof that immediately follow-

ing the contract of purchase the plaintiff took actual, open, and notorious possession and held the same at the time defendant, as constable, seized them under the attachment of Hill & Company.

In our opinion there is no merit in the appeal and the judgment of the circuit court will be affirmed.

SMITH, P. J., concurs; ELLISON, J., not sitting.