THE NATIONAL BANK OF COMMERCE v. L. F.
ATKINSON.

No. 343.*

1. CONTRACTS OF CORPORATIONS—*Evidence.* Certain contracts set
forth, and *held*, that it was not error to admit them in evidence.

2. ———— *Authority of Officers—Burden of Proof.* "Where the
president and secretary of a corporation execute a contract in be-
half of the company, which is regular on its face and not shown
to be outside of the regular business of the corporation, it is
*prima facie* evidence that it was executed with authority, and
those who deny the authority take upon themselves the burden
of establishing their claim." (*Town Co. v. Swigart*, 43 Kan.
292, 23 Pac. 569.)

Error from Reno district court; F. L. MARTIN,
judge. Opinion filed August 15, 1898. Affirmed.

*McKinstry & Fairchild*, for plaintiff in error.
*H. W. Gleason*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This suit was commenced by plain-
tiff in error against defendant in error in the district
court of Reno county to recover on two promissory
notes. In April, 1888, the Bank of Commerce, a state
bank, was reorganized into the National Bank of Com-
merce. Among the assets of the state bank were two
notes, secured by mortgage, which could not be trans-
ferred to the new bank as assets under the national
banking laws. In order that the assets represented by
these notes might be transferred to the national bank,
Hiram Constant executed notes of like amount to the
National Bank of Commerce, which the bank was to
hold, and collect the original notes, and apply the
amount collected on the Constant notes. A contract
was executed whereby Constant was to be held harm-

*Petition for order to certify denied by supreme court October
10, 1898.—REP.

Bank v. Atkinson.

less. He never received the notes secured by mort-
gage or had any control over them. This state of affairs
continued until the death of Constant. After his death,
Mr. Atkinson, an officer of both banks and husband of
the defendant in error, procured defendant in error to
take Constant's place, and on the execution by her of
the notes of which these in suit are renewals the Con-
stant notes were taken up and surrendered to his legal
representatives. It is contended that the bank agreed
to hold the defendant in error harmless, and delivered
to her the following contracts :

"ARTICLE OF AGREEMENT.

"THIS AGREEMENT, Made and entered into this 16th
day of April, 1888, by and between the National Bank
of Commerce, at Hutchinson, Kan., party of the first
part, and Hiram Constant, of Hutchinson, Kan.,
party of the second part, witnesseth :

"THAT,WHEREAS, Said Hiram Constant has this day
executed his two promissory notes, of even date, one
for three thousand two hundred and eighty-two and
$\frac{84}{100}$ dollars ($3282.84), the other for three thousand
six hundred and fifty-six and $\frac{31}{100}$ dollars ($3656.31),
both due ninety days after date, bearing interest from
maturity at twelve per cent. per annum ; and, whereas,
said National Bank of Commerce has this day assigned
to said Hiram Constant certain notes, described as
follows : The first note signed by Dudley Rhoads and
Ploma E. Rhoads, for $7000, dated May 17, 1887, due
sixty days after date, and credited 'August 8, 1887,
$2800,' 'September 16, 1887, $1290.66,' and 'April
17, 1888, $39.41'; said note draws interest from ma-
turity at twelve per cent. per annum. The second
note signed by Frank B. Hyde, Martha E. Hyde, O.
S. Carpenter, and Hannah L. Carpenter, for $4000,
dated December 18, 1886, due ninety days after date,
bearing interest from maturity at twelve per cent. per
annum, credited as follows : 'July 18, 1887, interest
paid to date'; 'January 3, 1888, cash on interest,
$200'; 'February 2, 1888, cash paid, $200'; 'March

1, 1888, cash paid, $200'; 'April 5, 1888, cash paid, $200.' Both of the above notes secured by second mortgage upon certain lots in the city of Hutchinson, Kan., described in three certain mortgages, duly executed, acknowledged, and recorded upon pages 554, book 38; 222, book 38; 442, book 38, of the records of Reno county, Kansas. Now, therefore, said National Bank of Commerce agrees with said Hiram Constant as follows: In case said Constant shall collect said notes of Dudley Rhoads *et al.* and F. B. Hyde *et al.* by foreclosure and sale of said property under mortgage, the said bank agrees to indemnify said Constant for all loss that may accrue to him as between the amount of the notes given by Constant to said bank and the amount that may be realized from sale under mortgage of the real estate above described, to the end that no loss or damage may accrue to said Constant by reason of the giving of said notes to the National Bank of Commerce, as aforesaid; the consideration of this agreement being one dollar and the greater security of the indebtedness of said F. B. Hyde and Dudley Rhoads.

" WITNESS the signature of the president and cashier of said bank and its seal hereto affixed, this 16th day of April, 1888.    (Signed)    G. W. HARDY, *President.*

[SEAL.]    F. E. CARR, *Cashier.*"

" STATE OF KANSAS, RENO COUNTY, ss.

" WHEREAS, Hiram Constant, who was a party to the original contract hereto attached, being dead, it is understood and agreed by and between the National Bank of Commerce and L. F. Atkinson that she assumes the place on said notes, being at this date of the amounts as follows: Dudley Rhoads, $986; Carpenter & Hyde, $785; and the said National Bank of Commerce agrees to and with said L. F. Atkinson that they will hold her harmless on account of said notes and from all loss or annoyance on account of her signing said notes or any renewal of same.

WITNESS our hands, this 15th day of March, 1890.

NATIONAL BANK OF COMMERCE, Hutchinson, Kan.

G. W. HARDY, *President.*

[SEAL.]    W. T. ATKINSON, *Cashier.*"

Bank v. Atkinson.

Plaintiff in error in its reply denies that it ever made or executed the alleged contract with defendant Hiram Constant.   The introduction of these contracts in evidence over the objection of plaintiff, without proof of their authority to make the same, is the only serious question involved in this case.

It was admitted that the signatures attached to the contract were the signatures of the president and cashier, as they purported to be, and the seal was the bank's seal.   On this admission, without proof of authority to execute the contract, or that the seal was attached by authority, the contract was admitted in evidence.   Was this error?   In the case of *Town Co. v. Swigart* (43 Kan. 292, 23 Pac. 569), the supreme court said:

" Where the president and secretary of a corporation execute a contract in behalf of the company, which is regular on its face and not shown to be outside of the regular business of the corporation, it is *prima facie* evidence that it was executed with authority, and those who deny the authority take upon themselves the burden of establishing their claim.

" Where the president and secretary of a corporation act openly and publicly as its agents in making contracts and generally in managing its business, with the understanding and acquiescence of the directors that they shall so act, the corporation will not be relieved from liability upon contracts so made upon the mere ground that the directors failed to formally confer authority on these officers by vote or resolution entered on the records of the corporation."

Under the admissions and the rule in this case, it was not error to admit the contracts in evidence.   The other errors assigned are not sufficient to require a reversal.

The judgment of the district court is affirmed.