[L. A. No. 560.  Department One.—August 28, 1899.]

W. RIGBY, Jr., Appellant, v. T. S. C. LOWE, Respondent.

FOREIGN CORPORATION—POWER OF LOCAL MANAGER—ASSIGNMENT OF
CHECK FOR COLLECTION.—The power of a local manager of a
foreign corporation to sell chattels and receive the price, with a
special direction from the corporation to collect a dishonored
check given to the corporation, upon a sale of goods by the
local manager, does not carry with it the power to assign such
check to another person for collection against the drawer of the
check. And the person to whom such manager assumes to as-
sign the check cannot maintain an action thereon in virtue of
such assignment.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial. Waldo
M. York, Judge.

The facts are stated in the opinion.

W. Rigby, and Leslie R. Hewitt, for Appellant.

Miller & Brown, for Respondent.

BRITT, C.—The General Electric Company is a corporation
and had, at the time of the transactions presently to be men-
tioned, its main office and place of business at Schenectady, in
the state of New York; it had also an office at the city of San
Francisco in this state in charge of one Thomas Addison, who
was its "local or district manager" on the Pacific coast. Said
corporation sold merchandise of some sort to a certain railroad
company at Los Angeles, California, of which the defendant,
T. S. C. Lowe, was president; the goods thus sold were shipped,
and bills for the same were rendered to Lowe, from the said
San Francisco office. Thereupon Lowe drew his check for the
amount of the bills—four hundred and twelve dollars and six-
teen cents—in favor of said General Electric Company and (it
seems) sent the same to the payee at Schenectady. Payment
of the check was refused for want of funds by the drawee therein
named, and after protest thereof the electric company forwarded
it to said Addison at San Francisco for collection. Said com-
pany was accustomed to collect through its main office at

Schenectady some of its bills for goods sold in California, and others—probably the majority—were collected at the San Francisco office. Addison indorsed the check as follows: "General Electric Company—Thomas Addison, district manager," and delivered it to Rigby, the plaintiff here, with instructions to sue thereon. Accordingly, plaintiff brought this action to enforce the liability of Lowe as drawer of said check. The court found that the assignment of the check attempted by Addison to plaintiff was in excess of Addison's authority as agent for the electric company, and that plaintiff is not the owner or holder thereof, and on this ground denied a recovery on the check.

The foregoing statement comprises the substance of all the evidence at the trial touching the power of Addison to transfer the check to plaintiff, and, consequently, the right of the latter to maintain the action thereon. It does not follow, as matter of law, from the mere circumstance that Addison was the company's "local or district manager," that he possessed the power to assign his principal's chose in action; that designation of his position implies some measure of inferiority to a distant or general authority. Obviously, the scope of the powers of such an agent must depend on the character and necessities of the business, and the degree or extent of control over the same committed to him by the principal. (See Mechem on Agency, secs. 395, 398.) There is here extremely scant evidence of the nature of the business carried on by the General Electric Company; it seems, however, to have consisted in selling tangible chattels of some kind, and we may, perhaps, conjecture that Addison had the management of such sales in this state; if so, the extent of his implied authority to deal with the proceeds of a sale was "to receive the price." (Civ. Code, secs. 2019, 2325.) He had also been specially directed to collect on this check. Therefore, viewing the evidence in the light most favorable to plaintiff, it shows no more than that Addison had full power to collect in the ordinary way (by suit, if necessary, in the name of his principal) the demands of the electric company against debtors in his district; but this power did not of itself include the right to transfer any of such demands to a third person, although for the purpose only of qualifying him to sue on the same. That would result in taking the collection from

Addison, with whom it was lodged by the company, and placing its control in the hands of a stranger. (*Dingley v. McDonald,* 124 Cal. 90.) The cases relied on by plaintiff (*McKiernan v. Lenzen,* 56 Cal. 61; *Tuller v. Arnold,* 98 Cal. 522; *Greig v. Riordan,* 99 Cal. 316) were instances of an assignment by the general managing agent of a corporation, who was shown expressly or by fair implication to have a control of its affairs virtually co-extensive with its ordinary business. No such authority was proved to reside in Mr. Addison. The judgment and order denying a new trial should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.