MAGOWAN *et al.* v. GRONEWEG, *et al.*

Where the business of a private trading corporation had been managed by its secretary and treasurer as though the business were his own private enterprise, and, acting with the consent of all the officers and 95 per cent. of the stockholders, none of whom actually objected, he sold the entire property of the corporation in bulk to an innocent purchaser for value, such sale was valid as against the creditors of the corporation.

(Opinion filed June 12, 1901.)

Appeal from circuit court Lawrence county. HON. JOSEPH B. MOORE, Judge.

Action by William J. Magowan and another against William Groneweg and others. From a judgment in favor of defendants, plaintiffs appeal. Reversed.

*Moody, Keller & Moody,* for appellants.

FULLER, P. J.   This action by a co-partnership against the sheriff and attaching creditors of the Deadwood Mercantile Company, a corporation, to recover the value of a stock of general merchandise, together with certain store fixtures, resulted in the direction of a verdict in favor of the defendants, and plaintiffs appeal from the judgment accordingly entered.

For a valuable consideration and in good faith, appellants purchased the property from the corporation, and went into actual, open, and notorious possession on the 29th day of December, 1898, and on the following day the same was seized by respondents under an attachment issued against the Deadwood Mercantile Company. The negotiations for the purchase and sale of the property were had principally with James De Barry, secretary, treasurer, and general manager of the corporation, who had always been permitted by the other officers and stockholders of the company to con-

duct its affairs exactly as though the business were his own private enterprise. Moreover, the sale was actually made by and with the consent of all the officers and 95 per cent. of the stockholders, all of whom continue to remain quiescent. In fact, the bill of sale was signed by the entire board of directors and all the officers of the corporation.

The only question essential to a determination of this appeal is whether a private trading corporation may, without the unanimous consent of all its stockholders, or a meeting of its board of directors, transfer its entire property to a third person in good faith and for a valuable consideration. The by-laws of the Deadwood Mercantile Company provide for no regular place of meeting, and, as a matter of fact the only meeting ever regularly held was for the election of officers at the inception of the venture. Under the circumstances disclosed by the record, there can be no doubt about the power conferred by the corporation upon its chief managaing officer to dispose of property in bulk that was bought for the purposes of retail trade, especially when the transaction meets the approval of every member of the corporation. Northwestern Fuel Co. v. Eau Claire Fuel & Supply Co. (Wis.) 78 N. W. 584; Phillips v. Campbell, 43 N. Y. 271; Cox v. Robinson, 21 C. C. A. 120, 82 Fed. 277; Crowley v. Mininig Co., 55 Cal. 273; Treadwell v. Manufacturing Co., 7 Gray, 393, 66 Am. Dec. 490; State v. Irrigation Co., 40 Kan. 96, 19 Pac. 349, 10 Am. St. Rep. 166. When, without the slightest infringement of a public right, a sale of this kind is made to an innocent purchaser by all the directors and officers of the corporation, and acquiesced in by all the stockholders, the mere failure to call a formal meeting to determine the advisability of making such sale is not alone sufficient to justify interfere-

ence on the part of creditors; and, in the absence of any brief or oral argument on the part of respondents, we deem it of no importance to pursue the subject further. The judgment appealed from is reversed, and a new trial ordered.