Appeal from Trial Term, New York County.

Action by Bernard Latiner against the Wonderland Amusement Company. From a judgment on dismissal of complaint, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Eugene I. Yuells, of New York City, for appellant.

Jerome Wilzin, of New York City, for respondent.

PER CURIAM. Plaintiff sued for damages for breach of a contract of employment. The alleged contract was oral, and was made, on defendant's behalf, by Burlinghoff, its treasurer. After one week's service, for which he was paid, plaintiff was discharged. The complaint was dismissed for lack of proof that Burlinghoff had authority to bind defendant by a contract running for so long a period as the one sought to be established. We think the facts proved made out a prima facie case. Whether or no the treasurer has or has not power to enter into ordinary contracts affecting the usual business of the corporation, but not necessarily pertaining to its finances, it is not now necessary to determine. In Parmelee v. Associated P. & S., 9 Misc. Rep. 458, 30 N. Y. Supp. 250, the report fails to show whether the action was for wages or for damages for unlawful discharge, but the opinion seems to have been based on the assumption that prima facie a treasurer has power to enter into ordinary contracts of employment. Here the evidence showed that the defendant accepted and paid for plaintiff's services for one week, and this, we think, was sufficient prima facie evidence of Burlinghoff's authority to bind defendant by the contract alleged. Phillips v. Campbell, 43 N. Y. 271, 272; Traitel Marble Co. v. Brown Bros., Inc., 159 App. Div. 485, 144 N. Y. Supp. 562.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

HANOVER NAT. BANK OF CITY OF NEW YORK v. ORIENTAL BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 13, 1914.)

LIMITATION OF ACTIONS (§ 180*)—DEFENSE—MODE OF TAKING ADVANTAGE.

    The defense of limitations can be raised only by answer and not by motion to strike.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675, 681; Dec. Dig. § 180.*]

Appeal from Special Term, New York County.

Action by the Hanover National Bank of the City of New York against the Oriental Bank of New York. From an order denying a motion to strike out allegations in the complaint, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

William C. Armstrong, of New York City, for appellant.
P. S. Dudley, of New York City, for respondent.

PER CURIAM.   If the defendant desires to raise the question as
to whether or not the claim is barred by the statute of limitations, it
cannot be done by a motion to strike out, but must be taken by answer.
The order is affirmed, with $10 costs and disbursements.