HARRISON v. REPETTI.

(Supreme Court, Appellate Term, First Department.    October 17, 1916.)

1. CORPORATIONS ⊚⟶433(1)—STOCKHOLDERS—AUTHORITY TO EMPLOY MANAGER
—QUESTION FOR JURY.

In an action against a corporation for salary as general manager at an increased weekly salary under employment by two stockholders owning substantially all the capital stock and in control of the business, *held*, on the evidence, that their authority to employ the general manager was for the jury.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1706, 1738, 1744; Dec. Dig. ⊚⟶433(1).]

2. CORPORATIONS ⊚⟶433(2)—AUTHORITY OF STOCKHOLDERS—EMPLOYMENT OF
MANAGER—RATIFICATION—QUESTION FOR JURY.

In such action, evidence *held* to make the corporation's ratification of the employment at an increased salary a question for the jury.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1719; Dec. Dig. ⊚⟶433(2).]

3. APPEAL AND ERROR ⊚⟶1176(5)—QUESTIONS OF FACT—VERDICT—REINSTATE-
MENT.

Where the evidence in an action for salary as general manager of a corporation amply supported a verdict in favor of the plaintiff, the order setting aside the verdict would be reversed and the verdict reinstated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4593, 4594; Dec. Dig. ⊚⟶1176(5).]

Bijur, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Lewis Z. Harrison against Repetti. From an order setting aside a verdict in his favor and granting a new trial, plaintiff appeals.   Order reversed, and verdict reinstated.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Greene, Hurd & Stowell, of New York City (George F. Hurd, of New York City, and Daniel S. Murphy, of counsel), for appellant.

Harry D. Nims, of New York City, for respondent.

SHEARN, J.   [1] Where one owning substantially all of the capital stock of a corporation makes a contract of employment for the corporation, which is partially performed by both parties, slight evidence of authority to act for the corporation ought to be required. In this case there is no denial in the form of testimony that Hoyt and Reis, owners of substantially all of the defendant's capital stock and in control of its business, employed the plaintiff, who had theretofore been general manager of the defendant at a salary of $40 a week, to continue as general manager for one year at $60 a week.   Neither is it disputed that plaintiff performed the duties of general manager from the date of the hiring on March 13, 1914, until April 4, 1914, and was paid by the corporation the agreed salary of $60 a week.   From the acceptance of the plaintiff's services and the payment of the agreed and higher rate of compensation the jury was clearly warranted in finding that Hoyt and Reis had been authorized by the corporation to em-

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ploy the plaintiff.  Latiner v. Wonderland Amusement Co., 161 App. Div. 554, 146 N. Y. Supp. 779.

[2] Furthermore, there was evidence warranting the jury in finding that the board of directors had ratified the contract of employment, for the evidence discloses resolutions expressly "ratifying" the payment of a weekly salary to the plaintiff of $60 a week.  The board of directors knew that plaintiff had previously been employed at $40 a week.  They also knew that plaintiff's salary could not have been raised to $60 a week without some one having arranged it with the plaintiff.  When they expressly ratified the new salary, they afforded some evidence that they ratified the arrangement fixing the new salary.  The ratification was not conclusive because the resolution was so worded that it could be claimed that the board of directors were only authorizing the hiring by the week.  Nevertheless, the resolution, under the circumstances stated, is readily susceptible of an inference that the contract of employment was ratified.

[3] Both the question of authority and of ratification were clearly for the jury, and as the evidence amply supports the jury's finding in favor of the plaintiff, the verdict should not have been set aside.

The order appealed from should be reversed, with costs, and the verdict reinstated.

GUY, J., concurs.  BIJUR, J., dissenting.