*W. T. Otto* and *J. S. Davis*, for the appellant.

*Nov. Term,*
*1854.*

Howard
v.
Cobb.

———————————•—○○○—•———————————

Howard *v.* Cobb.

In a suit commenced before a justice of the peace, the general issue is in by statute and need not be pleaded, and the plaintiff is, therefore, entitled to open and close the argument of the cause.

The plaintiff took exceptions to instructions given by the Court below, but did not allude to them in his brief in the Supreme Court; and he was therefore presumed to have waived every objection to them.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—Suit by *Howard*, assignee, &c., against *Cobb*, before a justice of the peace. The cause of action

*Wednesday,*
*December 13.*

was a promissory note, given for a shingle-machine, and the defence specially pleaded was that the note was obtained by fraud, in this, that false representations were made as to utility, value, &c. On the trial of the appeal in the Circuit Court, there was judgment for the defendant.

The plaintiff brings the case to this Court, and assigns errors as follows:

"1. The Court erred in refusing to give to the jury the instructions asked for by the plaintiff.

"2. The Court erred in overruling the motion of the plaintiff for leave to open and close," &c.

The second error is well assigned. The cause having originated before a justice of the peace, the general issue was in by law, and it was not necessary, therefore, that the defendant should formally plead it, to enable him to avail himself of rights under it.

The general issue being in, it devolved upon the plaintiff the right to open and close the case on the trial.

As to the instructions refused, the plaintiff is silent in his brief; and, hence, we presume he has waived his objection touching the refusal to give them, and ceased to insist upon it as error (1). And as the case must go back for another trial, which may present new phases of it, we shall not examine the question upon those instructions.

DAVISON, J., having been concerned as counsel, was absent.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. Davis*, for the plaintiff.

*J. S. Scobey*, for the defendant.

(1) A provision in the constitution requires that the Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case, and the decision of the Court thereon; art. 7, s. 5; but the Court have adopted the following rule: "Points not made in some of the briefs by counsel, will be considered as waived in the suit in which the briefs are filed, and may be treated accordingly." Rule 28. There is a statute, also, which requires "a specific assignment of all errors relied upon, to be entered on the transcript, in matters of law only," &c. 2 R. S. 1852, p. 161, s. 568.