Davis v. Fillmore.

---

## F. M. DAVIS v. CYRUS A. FILLMORE.

PRACTICE; *Failure to Furnish Brief.* Whenever counsel for plaintiff in error fail to furnish the judges of the supreme court with a brief in the case, the court will as a rule affirm the judgment below without any consideration of the errors assigned.

### *Error from Osage District Court.*

TWO ACTIONS were brought by *Davis* against *Fillmore.* Both were tried at the November Term 1873, and in each action judgment was given for the defendant. Plaintiff brings both here—the petitions in error being filed March 7th, 1874.

*Sheldon & Thompson, S. M. Berry,* and *J. B. Clark,* for plaintiff.

*Ellis Lewis,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: The only question which we shall decide in either of these two cases, is the same in both, and hence we shall consider the two cases together. The first case was an action of replevin brought by Davis against Fillmore for a portable saw-mill. The defendant had purchased the mill from the plaintiff, and was then the owner of the same, but he had also given a mortgage thereon to secure the payment of five certain promissory notes, given by himself to the plaintiff, each for $500, due respectively in three, six, twelve, eighteen and twenty-four months from date. There was a stipulation in the mortgage, that the defendant should hold possession of the mill until the condition of the mortgage was broken. The only question therefore to be tried in the court below was, whether said condition had been broken or not. The other case was an action for money founded upon transactions connected with said portable saw-mill. Each case was tried before a jury, and in each case the verdict was for the defendant. In the second case the defendant recovered $264.73. Judgments were properly rendered on the verdicts, and then the plaintiff brought both cases to this court on petition in error. Both cases came on regularly for hearing in the supreme court. Both were regularly called by the court, and both were submitted to the court by the defendant, on his briefs. But the plaintiff made no appearance in either case, nor has he made any appearance in either case, by brief or otherwise, at any time since he filed the cases in this court. We must therefore presume that he has waived and abandoned all his assignments of error as untenable. (*Wilson v. Fuller*, 9 Kas. 176, 186; *Howard v. Cobb*, 6 Ind. 5; *Robinson v. Tipton*, 31 Ala. 595.) And probably they are all untenable. We will give some specimens of them. In the replevin case, the first assignment of error is, "That the said court erred in the instructions given to the jury on the trial of said action." Now we do not think that the court below committed any substantial error in giving

instructions to the jury; but must we look through a long list of instructions, to hunt error, with nothing more to guide us than the above assignment of error? The second assignment is, "That the said court erred in refusing to give the instructions to the jury which the said Davis prayed the said court to give." Now we cannot find in the record that "the said Davis prayed the said court to give" any instructions, or that he excepted to any refused. Third, "That the facts set forth in the answer of said defendant are not sufficient in law to constitute any defense." The answer was a general denial, and such an answer we think is good in replevin. (*Wilson v. Fuller*, 9 Kas. 177, 190, et seq.; *Gilchrist v. Schmidling*, 12 Kas. 269.) Fourth, "That the said court erred in overruling the demurrer of the said plaintiff to the answer of said defendant." Now we cannot find from the record that the plaintiff demurred to the answer of the defendant; but even if he did, we suppose a demurrer to a general denial in replevin should be overruled. Fifth, "That said court erred in admitting the evidence of said Fillmore, to which said Davis objected." We think the evidence was competent and proper. But is it our duty, with nothing more than this assignment to guide us, to look through a vast amount of evidence to see whether it is proper evidence or not under the pleadings and previous evidence? Sixth, "That said court erred in ruling out the evidence offered by said Davis on the trial of said action." Now there was substantially no evidence offered by Davis and excluded by the court. The court at one time, rightfully as we think, refused to let Davis prove what Davis himself at a former time had said; but no exception was taken to this ruling, and we think that Davis afterward proved this same conversation. We can find no other evidence offered by Davis and excluded by the court. Seventh, "That the said court erred in overruling the motion of the said Davis for a new trial of said cause." We have failed to discover the error. Eighth, "That said judgment was given for said Fillmore when it should have been given for said Davis, according to the law of the land." We think the

judgment is correct. Ninth, "That the verdict of the jury was rendered in favor of the said Fillmore when it should have been according to the evidence in favor of said Davis." We think the verdict was right; but even if not, still there was ample evidence to sustain it. These are all the assignments of error in the replevin case, and these are fair samples of the errors complained of in the other case.

If we should examine the two cases thoroughly and critically we would probably be unable to find any such substantial errors as would authorize a reversal of the judgments. But we do not choose to make any such thorough and critical examination, but choose rather to decide the cases solely upon the ground that the plaintiff has abandoned the supposed errors since filing his cases in this court. Business is accumulating so rapidly in this court, that we need all the aid and assistance we can get from counsel. So, henceforth, as a rule, whenever the plaintiff's counsel shall fail to furnish us with a brief, we shall affirm the judgment without any consideration of the errors assigned. (*Hutchinson v. Bain*, 11 Kas. 234; *Davis v. First National Bank*, 28 Ind. 240, and cases above cited.) We decide these two cases upon this principle.

The judgments of the court below in these two cases must be affirmed.

All the Justices concurring.