## THE STATE OF KANSAS V. JAMES STEWART.

1. QUESTIONS. *Considered by the Supreme Court.* Ordinarily this court will consider only such questions as are specifically pointed out and discussed by counsel, and will not search through a record for the sake of finding error.

2. LARCENY; *Recent Possession; Evidence; Jury.* Where upon a trial for larceny, the larceny is clearly shown, a recent possession by the defendant proved by the state, and a very recent possession admitted by the defendant, coupled with an explanation by him of the manner of acquiring that possession, a jury may be warranted in acting upon that admission of possession, while at the same time from his subsequent statements and conduct, and all the circumstances of the case, giving no credence to his explanation of the manner of acquiring possession.

*Appeal from Montgomery District Court.*

AT the March Term, 1880, of the district court, *Stewart* was convicted of the crime of grand larceny, and sentenced to be imprisoned in the state penitentiary for the period of four years and three months. He appeals to this court. The facts are sufficiently stated in the opinion.

*Hill & Broadhead,* for appellant.

*John D. Hinkle,* county attorney, for The State.

The opinion of the court was delivered by

BREWER J.: The defendant was convicted of the crime of grand larceny in the district court of Montgomery county, and from such conviction has appealed to this court. No brief has been filed by counsel, and the only point made in the argument is that the verdict was not sustained by the evidence. Counsel for appellant claim, it is true, that there are other errors, but none certainly are apparent, either in the admission of testimony or in the instructions of the court. We shall not therefore stop to notice in this opinion the various exceptions taken by counsel to the rulings of the district court. If counsel desire that any particular matter be considered, they must call our attention directly to it. We do not search for errors, but examine only the errors alleged.

True, if any glaring error to the prejudice of the rights of an accused appeared, we might be constrained to notice it. None such appear upon this record.

Was the evidence sufficient to sustain the verdict? This. is a question of fact decided in the affirmative by the jury and the court which saw the witnesses and heard the testimony, and unless it is apparent that they erred, their decision concludes us. The larceny charged was of a wagon loaded with lumber; that this was stolen, is clearly proven. It was left in the evening in the city of Independence, and the next morning it was gone. It was tracked some miles in the direction of the defendant's home. Some three or four weeks thereafter, it was found in his possession, and he soon traded it for another wagon. His own testimony showed that he had the possession within a day or two after it was stolen. He claimed to have traded for it with some campers one morning, and that it then had no lumber in it. This was in December, 1875. When arrested in February, 1876, he broke jail and fled from the state. Again arrested in 1879, he a second time broke jail and fled from the state. Again arrested, he was brought to trial this past summer. When first arrested and shown the wagon, he said to the sheriff, "You have got me now!" And when under arrest the second time, he made statements which, according to one version of them, plainly implied guilt. That a possession of recently stolen property was shown by the state, is clear; and that this possession was very recent, is apparent from his own testimony. His admission of this recent possession was, it is true, coupled with an explanation of the manner of acquiring it, but evidently this explanation was not satisfactory. Now while the testimony, as written out, does not make as clear a case as often appears, yet taking all the circumstances together—the recent possession, the flight, his conduct and admissions—we cannot say that the jury erred in their conclusions, and therefore we may not disturb the verdict.

The judgment will be affirmed.

All the Justices concurring.