Campbell v. Phillips.

ANGUS CAMPBELL V. GEORGE K. PHILLIPS, *et al.*

1. REFEREE'S FINDINGS, *Nature of.* When a case is referred to a referee for trial, who reports the findings of fact and conclusions of law, such findings are as to all questions of fact as conclusive as the verdict of a jury.

2. No ESTOPPEL; *Implication.* When upon the filing of the report of a referee, the plaintiff moves the court to confirm it, and for judgment accordingly, and thereafter on motion of the defendant the report is referred back to the referee for correction, and a second time reported to the court with the change of only one item, *held*, that though the plaintiff may not be technically estopped by his action from challenging the whole of the report as finally made, yet such action carries very strong implication that the first report worked no substantial injury to his rights.

*Error from Miami District Court.*

THE nature of the action, and the facts, sufficiently appear in the opinion. At the October Term, 1882, of the district court, plaintiff *Campbell* moved to set aside the second and amended report made by the referee, but this motion was overruled, and judgment entered in favor of plaintiff for $490.60, and for all costs in the action. Plaintiff brings the case here.

*J. A. Ambler*, and *Jno. C. Sheridan*, for plaintiff in error.
*Beeson & Baker*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The parties in this case had been partners, and this action grew out of differences between them in the settlement of their partnership affairs. The plaintiff in error was plaintiff below. After the issues had been settled by the filing of amended pleadings, the case was referred to a referee, who reported in favor of plaintiff the sum of $602.84. Upon the filing of this report plaintiff moved the court to confirm it, and that judgment be entered in accordance therewith. At the same time, defendant moved that the report be referred back to the referee, for the purpose of correcting an

error in a single item, amounting to $284, and for an order instructing the referee to divide the costs equally between the parties. This latter motion was sustained in part, and without any direction as to costs the matter was re-referred to the referee for further testimony and report. In the second report, the item of $284 above referred to was divided, and one-half thereof, to wit, the amount of $142, deducted from the amount awarded to the plaintiff. Plaintiff moved to set aside this second and amended report, but this motion was overruled, and judgment entered in favor of the plaintiff for $490.60, as well as for all costs in the action. The further difference is by reason of interest, and an item in favor of plaintiff of $7. Plaintiff now brings the whole record here for review. While in his petition in error plaintiff challenges one ruling in respect to the admission of testimony, yet in their brief his counsel ignore this, and challenge simply the findings of fact made by the referee. Of course our inquiry will therefore be limited to the single matter counsel discuss in their brief. (*Wilson v. Fuller,* 9 Kas. 176; *Hutchinson v. Bain,* 11 Kas. 234; *Davis v. Fillmore,* 15 Kas. 333.) Upon the question as to how far the testimony sustains the findings made by the referee, counsel for plaintiff in error have filed an elaborate brief. Counsel for defendant in error insist that upon the record as it stands, no inquiry is proper in this court as to the sufficiency of the testimony to sustain the findings. Now we remark generally, that probably the defendant's objection to the record is not well taken. The objection is more technical than substantial, and probably not sufficient to prevent a full examination of the testimony by this court.

Second, it is already settled that the findings of fact made by a referee are as conclusive as to questions of fact as the verdict of a jury. (*Walker v. Manufacturing Company,* 8 Kas. 397; *Owen v. Owen,* 9 Kas. 91.)

Third, as the plaintiff upon the filing of the first report moved to confirm it, such action, if not conclusive upon him, raised a very strong presumption that there was no error in

such report of which he could justly complain. And as the subsequent report changed but a single item, it would seem that the only substantial matter of inquiry for this court is as to the propriety of such change. We do not mean to decide as a matter of law that the plaintiff was estopped by filing his motion to confirm the first report, from thereafter questioning the facts as found therein, because, although believing himself wronged by such findings, he might have preferred to accept the sum awarded and end the litigation, rather than assert his absolute rights at the expense of further time and money and continued litigation. But while we do not assert an estoppel from such action, it is a circumstance indicating with a good deal of force, that there was no grievous wrong in such findings so far as he was concerned. Thereafter, as against him they should be accepted as correct, unless he made the error to appear most clearly and satisfactorily.

And finally, we remark that there was testimony sufficient to sustain the findings of the referee. It would be a useless labor to review the testimony, which is very voluminous — making a record of some 550 pages. The bulk of it is that of the two principal parties, and they differ materially in their understanding and recollection. But this court does not attempt to settle disputed questions of fact. It is enough for us that upon examination of the record, we see that there is testimony which fairly supports the conclusions of the trial court, and we think without a doubt that in this case there was such testimony. Even though it were conceded that the apparent weight of the evidence is against the conclusions of the trial court, yet that would not be sufficient to disturb the judgment. This is the settled doctrine of this court, announced in repeated decisions; and notwithstanding the elaborate argument of counsel upon the testimony, we see nothing to take this case out of the line of those decisions. Apparently, if the record has been correctly copied, there are two or three clerical errors in figures, but such errors must be corrected in the district court, or at least the attention of that court must

be called specifically to them before we shall make any changes. The judgment will therefore be affirmed.

All the Justices concurring.