THE TOPEKA PRIMARY ASSOCIATION UNIVERSITY OF
BUILDERS v. R. G. MARTIN.

1. ERRORS, *Assigned, to be Pointed Out.*    Errors relied on must be specifically pointed out.

2. CORPORATION —*Authority to Direct Expenditure — Recovery of Expenses.*
A person who expends money to promote the purposes of a corporation, in accordance with the direction of a general manager or officer invested with the entire control of the affairs and business of the corporation, and in accordance with a prevailing custom recognized and acquiesced in by the members, may recover for the same from the corporation, although express authority was not conferred by its trustees.

3. RECORD — *Rulings Reviewed, but not Evidence.*    The district court certified that the record contained all the oral evidence, "and so much of the documentary evidence as is necessary for said case-made, and for an understanding thereof." *Held,* That the record is sufficient to warrant a review of the rulings of the court upon the instructions, but not upon the sufficiency of the evidence.

*Error from Shawnee District Court.*

AT the April term, 1886, plaintiff *Martin* recovered against the defendant *Building Association* judgment for $144.    The association brings the case here.    The facts sufficiently appear in the opinion.

*H. H. Harris, F. G. Hentig,* and *Joseph E. Baldwin,* for plaintiff in error.

*A. B. Quinton,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action upon an account for services rendered and money paid out by R. G. Martin for and on behalf of the Topeka Primary Association University of Builders.    It was first tried before a justice of the peace, and appealed to the district court, where Martin recovered a judgment for $144.

It is claimed that the court erred in the admission of evi-

dence, but no errors are pointed out, and the objection does not therefore require further notice.

It is next asserted that improper instructions were given, but, although the charge is excepted to, the counsel have failed to specify wherein the error consists, and none is apparent to us.

There is a further complaint, that the instructions requested by the association were refused. An examination of them discloses that the substance of those that were proper was, that the plaintiff could not recover the money expended for the defendant if it was paid without authority. This view of the law was fairly expressed by the court in the general charge, and there is no cause for complaint on that ground.

There is testimony that the services were performed and the money expended for, and at the instance of the association. No express authority of the trustees is shown, but it is claimed that there was implied authority, and there is testimony tending to prove that the money was paid upon the direction of a general manager or officer who had supreme control of the affairs of the association and its methods of conducting business, and also in accordance with a prevailing custom long recognized and acquiesced in by the members of the association. If this was true, Martin was entitled to recover. There was certainly proof of implied authority, but the question of the sufficiency of the evidence to sustain the verdict is not before us. It seems that the evidence given in the case is not all here. The court certified that the record contained all the oral evidence, "and so much of the documentary evidence as is necessary for said case-made, and for an understanding thereof."

Upon this state of the case we may review the rulings of the court upon the instructions, but we cannot inquire into the sufficiency of the evidence. (*Walker v. Braden, Sheriff,* 34 Kas. 660.)

The judgment of the district court will be affirmed.

All the Justices concurring.