SUSAN L. THOMPSON, APPELLEE, V. FREEMAN A. FIELD
ET AL., APPELLANTS.

FILED MAY 21, 1895.   No. 6529.

**Review.** Findings of fact made by the district court upon conflict-
ing evidence, on appeal will not be disturbed.

APPEAL from the district court of Buffalo county.
Heard below before HOLCOMB, J.

*Dryden & Main*, for appellants.

*Gaslin, Newman & Hallowell*, contra.

RYAN, C.

This action was brought for the foreclosure of a mort-
gage securing payment of a note for $6,000, of date Au-
gust 15, 1889, made by appellants to Charles O. Norton, by
whom said note and mortgage were assigned to plaintiff.
Two years before the date above given, Mr. Norton had
loaned to a Mr. Wood the sum of $3,000, at ten per cent
interest per annum, for five years, secured by a mortgage
upon the same property as described in the mortgage
whereof a foreclosure was had herein.   Subsequently, Mr.
Wood sold the mortgaged property to Mr. Field, who,
about August 15, 1889, had so improved it that it was
deemed ample security for a larger loan.   Mr. Field, being
unable to borrow elsewhere the desired sum upon the prop-
erty, applied to Mr. Norton, who at first refused, but
afterwards consented to make a loan of $6,000, taking the
already mortgaged property as security.   He would not,
however, forego the advantage of a first-class loan having
three years to run at ten per cent interest per annum with-
out compensation, and between himself and Mr. Field it
was arranged that in addition to payment of $3,000 there

should be paid Norton $300 in consideration of his satis-
faction of the existing mortgage.   This was the explana-
tion of the payment of $300 made by both Mr. and Mrs.
Norton, each of whom testified as from actual knowledge
of the transaction.   Mr. Field on the other hand testified
that the sum of $300 above referred to was exacted from
him as advance interest on the $6,000 borrowed, and if
this was true, his defense of usury was without doubt es-
tablished.   The district court, however, found as a fact that
there was no usury in the transaction, and it can hardly be
contended that there was no evidence upon which this find-
ing could be based.   Under such circumstances the judg-
ment of the district court cannot be disturbed.   There was
a contention that the transfer from Mr. Norton to plaintiff
was such as would protect her, even though there existed
a defense against the note in the hands of the original
payee.   We have not found it necessary to the determina-
tion of this case to consider this question, for, as has already
been seen, there was no such defense established by the
proofs.   The judgment of the district court is

AFFIRMED.