## ELISHA PENNY v. SAMUEL FELLNER.

### (Filed July 30, 1897.)

1. EVIDENCE—*Weight Of—Finding of Trial Court.* A fnding of the trial court, upon a controverted question of fact, will not be disturbed by this court unless manifestly against the clear and decided preponderance of the evidence.

2. CONTRACT OF LEASE—*Entirely Of—Conditions Broken.* Where a contract of lease is entire, and is broken by the lessor in refusing to deliver possession of a portion of the premises described therein, said lessor is estopped from collecting any portion of the rent agreed upon after demand has been made upon him by the lessee for the possession of the remaining portion of said premises; and this, notwithstanding the latter may have retained the possession of a portion of said premises after such demand and refusal, unless complete performance of said contract has been waived by him.

3. ERRORS—*When Considered Waived.* This court will not examine the record filed herein in search of prejudicial errors which are not clearly pointed out and insisted upon in the brief of the complaining party, but all such errors (if any) will be considered as waived.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before A. G. C. Bierer, District Judge.*

*H. R. Thurston,* for plaintiff in error.

*Morris, Johnson & Kellogg,* for defendant in error.

Opinion of the court by

KEATON, J.: As shown by the record herein, the question of the correctness of the judgment of the trial court depends entirely upon the interpretation to be given a certain lease attached to plaintiff's amended bill of particulars as "exhibit A," as construed

in the light of the oral testimony adduced upon the trial. The amended bill of particulars, omitting the formal parts thereof, is in the following language:

"The plaintiff states for his cause of action that the defendant herein, Samuel Fellner, is justly indebted to him in the sum of $91.64, the same being for rents arising out of and upon a written lease executed between plaintiff and defendant between the following dates, to-wit, the said lease being for the period of one year commencing on the 20th day of September, 1893, and ending September 20th, 1894; the plaintiff asks that the said lease which is attached to the original complaint be treated in his amended complaint as though said lease were set out in this amended complaint in full and considered as though made a part of his amended complaint.

"Plaintiff says that by the terms and conditions of said lease the said Samuel Fellner was to pay the sum of $22.90 per month for each and every month, the same to be paid in advance, by virtue of the terms of said lease. The plaintiff alleges that the defendant has failed and neglected to pay for the months of January, February, March and April, the same being and during the year 1894, and that there is due from said defendant to this plaintiff for said months herein mentioned the sum of $91.64; the plaintiff further alleges that under and by virtue of the terms of said lease that 80 feet was only rented the defendant, the same being 80 feet off of the east end of lot 1 in block 28, in the city of Perry, Oklahoma Territory, and by the terms and conditions of said lease the said Samuel Fellner went into the possession of the 80 feet, and no more was ever rented or leased to the said defendant than the 80 feet for which this action is brought to recover for the months of January, February, March and April, of the year 1894, the same being for rent of the 80 feet of ground; the plaintiff further alleges that the defendant has refused and neglected to pay and comply with the terms of said lease in the payment of

the rent thereof; that there is due and unpaid from the defendant to the plaintiff upon the terms and conditions of said lease the sum of $91.64, and that the defendant herein has no legal off-set as against the said sum of $91.64."

The lease upon which the pleading above set out is based is as follows:

"Lease.    This indenture, made this 19th day of September, 1893, between E. Penny, party of the first part, and Samuel Fellner, party of the second part witnesseth: That the said party of the first part, in consideration of the covenants the said party of the second part, hereinafter set forth, do by these presents lease to the said party of the second part the following described premises, to-wit: Lot number one (1), in block twenty-eight (28), Perry, Oklahoma Territory, and the lessor guarantees to the lessee the undisturbed possession of eighty feet off the front end of said lot; to have and to hold the same to the said party of the second part from the 20th day of September, 1893, to the 20th day of September, 1894.   And the said party of the second part in consideration of the leasing of the premises as above set forth, covenants and agrees with the party of the first part to pay the said party of the first part, as rent for the same the sum of $22.90 payable as follows, to-wit: monthly in advance, as ground rent, and it is further understood and agreed between the parties hereto that the buildings that shall be erected on said lot by the party of the second part shall be and remain the property of the said Samuel Fellner, unless the same shall be purchased by the party of the first part at a price to be agreed upon by the parties hereto at the expiration of this lease.   The said party of the second part further covenants with the said party of the first part that at the expiration of the time mentioned in this lease peaceable possession of the said premises shall be given to the said party of the first part, in as good condition as they now are, the usual wear, inevitable accident and loss by fire excepted; and

that upon the non-payment of the whole or any part of the said rent at the time when the same is above promised to be paid, the said party of the first part may, at ——election, either distrain for said rent due, or declare this lease at an end, and recover possession as if the same was held by forcible detainer; the said party of the second part hereby waiving any notice of such election, or any demand for the possession of said premises.

"And it is further covenanted and agreed between the parties aforesaid that the lessee Samuel Fellner shall have the refusal of renting said lot for another year at the expiration of this lease for the same rental, provided, however, should the lessor have a purchaser for the lot then the lessee, Samuel Fellner, shall have the first option to buy the same at the price that has been agreed upon between the said E. Penny and the proposed buyer.

"Signed and delivered this 19th day of September, 1893.

"The covenants herein shall extend to and be binding upon the heirs, executors and administrators of the parties to this lease.

"Witness the hands and seals of the parties aforesaid:

"JNO. D. WALDON.                    E. PENNY,

   "(Copy of lease.)                 S. FELNER."

Defendant answered as follows:

"Comes now the defendant, and answering the petition of the plaintiff herein, says he is not indebted to the plaintiff in the sum of $91.64, as he has in his petition herein alleged, or in any sum whatever.

"And defendant, further answering, says plaintiff did not lease to him, defendant, the front 80 feet of lot No. 1, in block No. 28, in the city of Perry, in the Territory of Oklahoma, as he has in his petition alleged, but plaintiff [defendant] avers that plaintiff at the date referred to-to-wit, the 19th day of September, 1893, rented and leased to defendant for a period of one year from and after that date  *  *  lot 1 in block 28, in the city of Perry, Territory of Oklahoma.

"And defendant further answering, says defendant [plaintiff] has failed and refused, after demand for the possession of said lot rented of him by defendant, and still fails and refuses to place defendant in possession of said lot, whereby defendant has been damaged in the sum of three hundred and fifty dollars."

The controverted question arises upon the construction to be given that portion of said lease which describes the premises leased, the plaintiff in error contending that only the east eighty feet of said lot 1, block 28, is covered by said lease, and the defendant in error claiming that he leased the entire lot.

It is clear that the different provisions of said lease relating to the description of the premises are so uncertain that parol evidence in explanation thereof was necessary to enable the trial court to determine definitely whether all or only the east eighty feet of said lot was intended to be covered thereby. The evidence on this point was conflicting, the plaintiff in error and one D. M. Haynes testifying that only the east eighty feet was intended to be leased by him to said defendant in error, and the defendant in error testifying in his own behalf that it was the intention of the parties thereto that said lease should convey to him the right of the possession of the entire lot for the time therein specified, and that the reason of the clause in said lease guaranteeing to said lessee the undisturbed possession of only eighty feet of the front end of said lot was because of the fact that plaintiff in error did not have possession of the other portion of said lot at the time of the execution of the lease, but that plaintiff in error assured him that he would procure and deliver possession of the remaining portion of said premises within a few days; that plaintiff in error did within three days

procure said possession, but refused to surrender same to said defendant in error, and that suit was subsequently brought by defendant in error against plaintiff in error therefor.

The record does not show that the trial court made, or was requested to make, any special findings of fact in the case, and the judgment for the defendant in error imports, of course, a general finding of all disputed facts by said court in favor of defendant in error. The rule is well settled that the finding of a trial court, whether special or general, upon a controverted question of fact, will rarely, if ever, be disturbed by an appellate court. (*National Bank of Guthrie v. Earl*, 2 Okl. 617, 39 Pac. 391; *Thompson v. Field*, [Neb.] 63 N. W. 364; *Thompson v. Luke*, [Neb.] Id. 828; *ODonohoe v. Polk*, [Neb.] Id. 829; *Weibler v. Ford*, [Minn.] Id. 1075; *Dunnington v. Frick Co.*, 60 Ark. 250, 30 S. W. 212; *Siler v. Siler*, [Ky.] 30 S. W. 871.)

While in the case at bar the evidence upon the disputed question, as to what portion of said premises was intended to be conveyed by the lease, seems to preponderate in favor of plaintiff in error, yet it is not that clear and decided preponderance that warrants the overthrow of the general finding of the court below. It seems to be conceded by counsel for both parties, by their arguments in their briefs filed herein, that if it is held that the lease was intended by said parties to convey the entire lot, then the plaintiff in error should not recover; and this also appears to be the settled law upon the question involved in this case.

See *McClung v. Price, et al.*, 59 Pa. St. 420, where it is held: "The contract of leasing was entire, and the plaintiff was not entitled to recover any portion of the rent.

\*    \* After the demand for possession of the retained part, the lessee continued in possession of the remainder. This was not a waiver of his rights under the contract. There can be no recovery for the part performance of an entire contract, unless complete performance has been prevented or waived by the other party. The lessor having failed to perform his contract, he could not recover either on his contract, or for use and occupation."

Counsel for plaintiff in error cites no authority in his brief, and has pointed out no reversible error in the record, hence, without further investigation thereof, we assume that it contains no such error, and that the judgment of the court below should be affirmed, with costs. It is so ordered.

Bierer, J., having presided in the court below, not sitting; all the other Justices concurring.