THE CITY OF OKLAHOMA CITY v. FRANK McMASTER.

(Filed June 6, 1903.)

1. ERROR—Waived, When. Where errors are assigned in the petition in error, but are not mentioned in the argument or brief of counsel, and are not relied upon in the argument or brief for a reversal of the judgment complained of, they will be deemed waived and abandoned, and will not be regarded in this court.

2. EMINENT DOMAIN—Right of, Exercised How. Where an occupying claimant has entered upon public lands which are open to settlement, and has made settlement thereon, for homestead purposes, and has legal vested rights therein, such rights cannot be taken from him for public use, except by due process of law, and the payment of just and reasonable compensation therefor.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Benj. F. Burwell, Trial Judge.*

*Jno. H. Wright* and *Douglas & Douglas* for plaintiff in error.

*Cotteral & Hornor* and *Frank McMaster,* for defendant in error.

STATEMENT OF FACTS.

This is an action brought by the defendant in error, Frank McMaster, against the plaintiff in error, the city of Oklahoma City, in the district court of Oklahoma county, on the twenty-second day of September, 1899, for the recovery of the possession of two certain lots, to-wit: lots numbers one and two of block number twenty-four of the original plat

of said city, as filed in the United States land office, to recover the possession of said lots, and damages for the wrongful detention thereof. The original petition in said case is in words and figures as follows:

"Territory of Oklahoma, Oklahoma County. In the district Court 3rd. District.

"*Frank McMaster, Plaintiff, v. The City of Oklahoma City, Defendant.*

"PETITION.

" Now comes the plaintiff herein complaining and says:

"1st. That the defendant is a municipal corporation of Oklahoma Territory, being a city of the first class,' and located in Oklahoma county, aforesaid.

"2nd. That the plaintiff is the legal and equitable owner of the real estate herein described, and fully entitled to the possession thereof, and of which the defendant unlawfully keeps him out of the possession, being a part of the southeast quarter (1-4) section thirty-three (33) town 12, north range 3 west in said county, and territory more particularly described as follows: Commencing at a point in said city on the southeast corner of block twenty-three, (23), as shown by the trustees' plat, being the plat now in use of said city, and running thence southerly on a straight line, with the west line of Broadway street, as shown by said plat, thirty-three and ten one-hundredths, (33.10) feet from the southeast corner of the block aforesaid to the place of beginning; thence west from said place of beginning, one hundred and forty feet, (140) thence south at a right angle with the line aforesaid, fifty feet (50), thence east parallel with said east and west line, first named, one hundred and forty feet, (140), thence north parallel with said north and south line, fifty feet (50) to the place of beginning.

"3rd. That prior to the filing hereof, being far more than four weeks thereto, plaintiff presented his claim to defendant for uses, rents and profits thereon, as well as a demand for possession of said real estate, described as aforesaid, but that the defendant refused to pay said claim, and still retains possession of said real estate, to the damage of plaintiff in the sum of two hundred and fifty ($250.00) dollars, per year, since the 14th day of November, 1892.

"4th. Said real estate is further described on the Dick plat, being the original plat of said city, as lots No. one (1), two, (2), of block No. twenty-four (24) of said plat, as filed in the U. S. land office.

"Wherefore plaintiff prays judgment herein against defendant.

"1st. For the recovery of said real estate, and damages for withholding the possession thereof.

"2nd. For other and further relief.

> "FRANK McMASTER, Plaintiff.
> "H. H. HOWARD, Attorney."

"No. 2053. *Frank McMaster v. Oklahoma City,* Amended Petition, Filed Sept. 22, 1899.

> "B. D. SHEAR, Clerk.
> "H. H. HOWARD, Attorney."

To said petition the defendant, on the 10th day of October, 1899, filed its demurrer, in words and figures as follows, to-wit:

"Territory of Oklahoma, County of Oklahoma, ss. In the District Court.

"*Frank McMaster, Plaintiff, v. The City of Oklahoma City, Defendant.*

"DEMURRER.

"Comes now the defendant, the city of Oklahoma City,. and demurs to the petition of the plaintiff filed on the 22nd day of September, 1899, and for cause and grounds of said demurrer, says: That said petition·does not state facts sufficient to constitute a cause of action in favor of plaintiff and. against said defendant.

"THE CITY OF OKLAHOMA CITY, Defendant.

" By JOHN WRIGHT, DOUGLAS & DOUGLAS, Attorneys..

"No. 2053. *Frank McMaster, Plaintiff, v. The City of Oklahoma City, Defendant.* Demurrer. Filed in the district. court of Oklahoma County, O. T., October 10, 1899.

"B. D. SHEAR, Clerk.

"By M. McKINLEY, Deputy.

"Refiled by leave of court, Nov. 20, 1899.

"B. D. SHEAR, Clerk".

Which demurrer was by the court overruled, to which the defendant excepted.

That thereafter on the twenty-fourth day of November, 1899, the defendant filed its answer in said cause which. is in words and figures as follows, to-wit:

"Territory of Oklahoma, County of Oklahoma, ss.    In the· District Court.

*"Frank McMaster, Plaintiff, v. The City of Oklahoma City,. Defendant.*

"ANSWER.

"1. Now comes the said defendant, the city of Oklahoma City, and for answer to the petition of said plaintiff in said cause, ·on the 22nd day of September, 1899, denies each and every allegation and averment therein contained, except such as hereinafter expressly admitted.

"The said defendant admits that it is a municipal cor-

poration and city of the first class as alleged in said plaintiff's petition.

"2. The defendant further answering says that the tract and parcel of land claimed by said plaintiff and described in said plaintiff's petition, is a part of the original townsite of the city of Oklahoma City, in the Territory of Oklahoma, and is situated and is included in and is a part of Grand Avenue, a public highway and street of said city, as the same appears upon the original plat and survey of said city, which said plat and survey was approved by said Board No. 2 of townsite trustees of Oklahoma City, on the 6th day of September, 1890, and recorded under and by the direction of said board, in the office of the register of deeds of Oklahoma county, Territory of Oklahoma, on the 8th day of September, 1890, in Book No. One, of plats of the records of said county, at pages two, three and four of said book.

"That said public highway in said city, to-wit: Said Grand Avenue, with the said land claimed by plaintiff included therein, was and had been for more than one year prior to the approval of said plat and survey, by said board No. 2, of townsite trustees, and the filing of said plat so approved, in the office of the register of deeds of Oklahoma county, as aforesaid, and has been at all times since, used and occupied exclusively as a public highway, and a street of said city by the inhabitants of said city, and territory, at all times, and was so exclusively used as a public highway and street long before the organization of said city as a municipal corporation, and that said plaintiff was not during any time in possession of said parcel of land, now claimed by him, and had no interest therein.

"Wherefore defendant prays judgment for its costs herein, against said plaintiff.

"THE CITY OF OKLAHOMA CITY, Defendant.
"By JNO. H. WRIGHT, City Attorney.
"DOUGLAS & DOUGLAS, Its Attorneys."

"No. 2053.   *Frank McMaster, Plaintiff, v. The City of Okla-homa City, Defendant.* Answer.   Filed in District Court, Oklahoma County, O. T., Nov. 24, 1899.

"B. D. SHEAR, Clerk.

"By M. McKINLEY, Deputy.

And on the fifth day of February, 1900, the plaintiff filed his reply, in words and figures as follows:

"No. 2053.   Territory of Oklahoma, Oklahoma County, ss. In the district court.

"*Frank McMaster, Plaintiff, v. The City of Oklahoma City, Defendant.*

"REPLICATION.

"Now comes plaintiff for replication to the answer filed herein says:

"He denies each and every allegation of said answer, and every and all averments therein, which contradict the averments, counts and allegations of the plaintiff's petition filed herein.

"Wherefore, he, the plaintiff, prays judgment as asked in said petition.

"FRANK MCMASTER, Plaintiff.

"H. H. HOWARD Atty. for Plaintiff.

"No. 2053.   *Frank McMaster v. Oklahoma City.* Replication.   Filed in district court, Oklahoma County, O. T., Feb. 5th, 1900.

"B. D. SHEAR, Clerk.

"By M. McKINLEY, Deputy.

"H. H. HOWARD, Attorney."

And on the fifteenth day of February, 1900, at a regular term of the district court of the Third judicial district held in and for Oklahoma county, in the Territory of Okla-

homa, the said cause came on for trial before the Hon. B. F. Burwell, presiding judge, jury having been waived, and the plaintiff introduced in evidence patent from the United States government to the townsite trustees. Objected to. Overruled. Exception. Plaintiff then introduces judgment rendered in the case of *McMaster v. Townsite Trustees,* by Justice John H. Burford, on the 14th day of November, 1892, to which defendant objects. Objection overruled. Exception. The plaintiff then offers in evidence a certificate of the register of deeds, upon that judgment, showing that it had been recorded in his office in Oklahoma county, wherein said land is situated. Objected to. Overruled. Exception. Plaintiff then offers in evidence a further order of District Judge Burford, in the same case, dated October 13, 1893, with a certificate of the register of deeds of Oklahoma county, showing that the same had been recorded in his office. Objected to. Overruled. Exception. Witnesses are then sworn and testify as to rental values. Here the plaintiff rests. Defendant demurs to the evidence. Whereupon, attorney for the plaintiff, by leave of the court, introduces as further evidence in the case the journal and the order made by the court in case No. 278, of the district court of Oklahoma county, entitled *Frank McMaster v. Edgar N. Sweet, Levi E. Coe and David H. Hammons, Townsite Trustees.* Said order and journal granting a change of venue, in said cause. And thereafter, the said defendant refiles its demurrer to the evidence of the plaintiff; which demurrer is overruled, and exception. The defendant introduces testimony to show the final receipt of the local land office to the townsite trustees. No objection, same is admitted and read in evidence. The **defendant** then

offers in evidence a plat of the city, approved by the board of townsite trustees No. 2.   Objection.  Overruled.  Exception. The defendant proves by the register of deeds that the plat is one of the plats of record in the office of the register of deeds of this county.   The defendant offers in evidence entries of the county commissioners proceedings in book one, pages 11, 12 and 13.   Objection.  Overruled.  Exception.

Here the defendant rests.   Whereupon the court rendered judgment in favor of the plaintiff for the recovery of the possession of said real estate, together with damages for the wrongful detention thereof, in the sum of two hundred and fifty dollars per year, for the three years prior to the .commencement of this action, up to the execution of this judgment, and against the defendant for costs.   To which order and judgment of the court the defendant then and there excepted.

Whereupon, the defendant, by notice on the journal of said court, demanded a second trial, which demand is granted, and said judgment is set aside and vacated, and said cause is continued until the next term of this court.

Thereafter, on the 21st day of January, 1901, plaintiff filed a motion to set aside the order granting a new trial as a matter of right, on the ground that said notice, and the proceedings . thereunder are wholly void, without right or authority; and asking that the court reinstate the judgment in said cause, on the 7th day of July, 1900, in favor of the plaintiff, which motion the court sustains, to which the defendant then and there excepts.   On the same day the defendant files its motion asking the court for a new trial in said

cause on statutory grounds; plaintiff moves that said motion for a new trial be stricken from the files, for the reason that the same is not filed within the three days' time required by law, after the rendition of judgment, in said cause, which said motion was, upon the consideration of the court, overruled, to which the plaintiff excepts. Whereupon said motion for a new trial in said cause, was duly submitted and argued by counsel for plaintiff and defendant, and overruled, to which ruling the defendant excepts and brings the cause here for review.    Affirmed.

Opinion of the court by

IRWIN, J.: The assignments of error in this case may be condensed into three, viz: First, overruling the demurrer of defendant to plaintiff's petition. Second, error of the court in setting aside the order of the court made granting a new trial to the defendant, as a matter of course, without showing cause, entered in the journal, and the reinstating of the judgment in favor of plaintiff; and third, error of the court in rendering judgment in favor of the plaintiff instead of the defendant.

While the assignments of error made by the plaintiff in error are more numerous than these, we think these three assignments include all of those assigned by the plaintiff in error. Plaintiff in error makes eight assignments of error, but his second and third, it seems to us are included in the first assignment of error as herein set forth. The fourt assignment of error charges that the court erred in admitting as evidence against said plaintiff in error, and over its objection, a copy of a certain pretended judgment of the district

court of Canadian county, rendered in an action in said last named court, in which the defendant in error was plaintiff, and the townsite trustees were defendants; and. fifth, the court erred in admitting over the objection of the plaintiff in error, a copy of a certain order or judgment of the said district court of Canadian county, made at Kingfisher county, on the 13th day of October, 1893, in an action between the said parties. The sixth and seventh assignments of error are simply general assignments of error in admitting improper evidence on the part of plaintiff, and the eighth, that said district court erred in rendering judgment in favor of defendant in error, instead of plaintiff in error. We think all of the fourth, fifth, sixth and seventh assignments of error can be considered in the eighth, to-wit: that the court erred in rendering judgment in favor of the plaintiff.

The first and second assignments of error as herein set forth, it will not be necessary for this court to pass upon, because by the long established and well settled rule of this court founded upon the adjudication of many of the supreme courts of other states and territories on the same question, these assignments of error have been abandoned by the plaintiff in error. It is a well settled rule of this court that where error is assigned, and the attorney for the plaintiff in error fails to insist upon and argue the same in his brief, this court will treat such assignment of error as having been abandoned.

In the case of *Gardenhire v. Gardenhire,* 2 Okla. 484, this court says:

"Where errors are assigned in the petition in error but are not mentioned in the argument or brief of counsel and are not relied upon in the argument or brief for the rever-

sal of the judgment complained of, they will be deemed waived and abandoned and will not be regarded by the supreme court."

In *Peters v. The United States,* 2 Okla. 136, this court in an opinion rendered by the present chief justice says:

"A number of other rulings of the trial court are complained of and errors assigned calling in question their correctness, but as they are not discussed in appellant's brief, they must be taken as waived and abandoned, and we shall not give them consideration."

In the case of *Hurst v. Sawyer,* 3 Okla. 296, this court says:

"An assignment of error, which is not relied upon in the brief of counsel for a reversal of the case, will not be considered by this court, nor will this court review a question partially discussed, when counsel, in closing his brief, chooses to abandon it, and rely entirely upon another proposition, and when counsel on the other side have relied upon such withdrawal."

In *Provin v. Lovi,* 6 Okla. 94, the court says:

"Where an error is assigned and not presented and argued in the brief of counsel for appellant, and no authorities are cited in support of the contention and counsel for plaintiff treat the question as abandoned this court will not review the same."

In *Penny v. Fellner,* 6 Okla. 386, the court says:

"This court will not examine the record filed herein, in search of prejudicial errors which are not clearly pointed out and insisted upon in the brief of the complaining party, but all such errors, (if any), will be considered as waived."

In *Huntley v. The Territory,* 7 Okla. 60, this court says:

"Numerous other errors are assigned in the petition in error. We have considered all that have been presented in the briefs, or argued by counsel for plaintiff in error. Under the settled rule of this court such assignments of error as are not presented and relied upon in the argument or brief of counsel are deemed waived and abandoned, and will not be considered by this court."

This doctrine has been repeatedly followed and often sanctioned by the Kansas supreme court. In the case of *Topeka Primary Association v. Martin,* 39 Kan. 750 the court there hold:

"That errors not specifically pointed out and relied on in the brief of counsel, will not be considered."

In the case of *Wilson v. Fuller,* 9 Kan. 176, the court say:

"Where errors are assigned in the petition in error, but no reference is afterward made to them, either by oral argument or in the brief of counsel for plaintiff in error, the supreme court will take no notice of them."

In *School District v. Foster,* 11 Kan. 447, it is said:

"Other errors were assigned in the petition in error, but as they have not since been referred to, in the brief of counsel or otherwise, we suppose they have been abandoned, and we shall therefore take no notice of them."

In *Davis v. Filmore,* 15 Kan. 333, the court holds:

"Where error is assigned but not briefed, it must be presumed to have been waived and abandoned."

In *Campbell v. Phillips*, 28 Kan. 754, the court says:

"Of course our inquiry will be limited to the single matter counsel discuss in their brief."

In *Bailey v. Dodge*, 28 Kan. 72, it is held:

"Where errors are assigned but not insisted upon in the brief of counsel, the supreme court will not consider them."

In the *State of Kansas v. Stewart*, 24 Kan. 250, the court, speaking by Justice Brewer, says:

"Ordinarily this court will consider only such questions as are specifically pointed out and discussed by counsel, and will not search through the record for the sake of finding error."

This same doctrine is held in *Howard v. Cobb*, 6 Ind. 5, and in *Robinson v. Tipton*, 31 Ala. 595.

Hence we take it that this rule is too well established and has too long been followed by this and other courts to now be disturbed, and as we have carefully and repeatedly searched the brief of plaintiff in error, and do not find as to the first or second assignment of error, the slightest reference, not a word nor a line thereon is contained in such argument, nor are any authorities cited; hence, following the rule, we are constrained to treat these two assignments of error as abandoned, and only notice the other assignments of error, which, in our judgment can very properly be considered in the one assignment of error, which charges error of the district court in the judgment rendered.

The evidence in this case shows that the lots in controversy were a part of a tract of land conveyed by the United States to certain trustees for townsite purposes, as shown

by the patent in evidence.  By this conveyance the land
was to be held in trust by said trustees, for the occupying
claimants, and such trustees were made agents for such
claimants, and such lands were also held in trust *sub modo*
for the government until the rightful claimants could be es-
tablished, and the manner of disposing of the surplus land
ascertained.  This land by the act of congress was open for
legal settlement on the 22nd day of April, 1889.  The defend-
ant in error, in his petition herein, claims that he had on
the day that such land was opened for settlement, and not
before, legally entered such lots, and went into possession
thereof as an occupying claimant, and that under the rules
and regulations of the land office he was entitled to a deed
at the hands of the townsite trustees.  Now the first question
to be settled in this controversy is: Was the defendant in
error an occupying claimant, such as is recognized by the
land laws of the United States and entitled to a deed at the
hands of the townsite trustees?  If this position is correct,
then under the laws regulating the granting of this tract to
the townsite trustees, they held that portion of the same on
which he was an occupying claimant, in trust for him.  The
government by the conveyance by patent vested the title of
this land in the trustees, for the express purpose of having
the title conveyed to those who were entitled to claim
as occupying claimants.  To prove this possession, the de-
fendant in error offered in the court below certain findings
of the district court of Canadian county, Oklahoma Terri-
tory, which he claims amount to a judgment in his favor, in
a certain case therein pending wherein he was the plaintiff
and the townsite trustees were the defendants, said cause
having been taken to Canadian county on a change of venue,

from the district court of Oklahoma county, where said land is situated, and where said trustees resided. The objection to the introduction of this judgment, of Canadian county, was that the plaintiff in error here, the city of Oklahoma City, was not a party to that record, and consequently not bound thereby; but it seems to us that as the townsite trustees by the patent had conveyed to them the land, and by the law under which they acted was made the agent not only of all the occupying claimants, but also of the government, and held the land in trust for such claimants, that any and all persons claiming title to any portion of such land, must claim the same through the townsite trustees; that the plaintiff in error here, if any title whatever it had, must have derived the same from a common source of title, to-wit: the townsite trustees, and as such grantee of the townsite trustees would be bound by any judgment legally rendered against such trustees.

In the case of *Caldwell v. Colorado Springs,* 100 U. S. 55, it was held:

"That as all had a right to appear, it bound all parties. The trustees represent all rights, and their action bound all claimants."

In *Kennison v. Stewart,* 93 U. S. 84, it was held:

"That all beneficiaries, although not parties, are bound by judgments against trustees, unless such judgment is impeached for fraud or collusion."

The second objection urged by plaintiff in error herein to the introduction of this judgment of the district court of Canadian county in the court below, was that the findings do

not amount to a judgment. What is a judgment? We think it is a final conclusion by a court of competent jurisdiction of a question of law, or fact, at issue between the parties thereto, and properly submitted for adjudication. Now in this case the proper parties were before the court, to-wit: The defendant in error, who claimed the right to a deed, and the townsite trustees, in whom the government had vested the title, for the purpose of ascertaining who the legal occupying claimants were, and who was entitled to deeds for the various tracts of land embodied in the patent. Now as the court found the facts and decided the question submitted to it, and as no question of jurisdiction was there raised, and as no question of jurisdiction is raised in the district court in this case, or in this court, on appeal, and as no appeal was taken from the findings and judgment of the district court of Canadian county, we think the presumption obtains that the court had jurisdiction of the subject-matter and of the parties, and that the necessary preliminary steps to give the court jurisdiction had been complied with; this being true, we are at a loss to see why the finding of that court as to the facts therein submitted were not binding, and conclusive upon not only the parties, but all persons claiming title under or through them. Now what did the district court of Canadian county find as to the facts? By a reference to the copy of the records of that court as shown in exhibit "A" of the case-made herein, it will be seen that that court there found that the defendants in that case, Edgar N. Sweet, Levi E. Coe, and David H. Hammons, were trustees of the townsite of Oklahoma City, in said county, for the benefit of the actual occupants thereof, under the act of congress approved May 14, 1890. That said tract of land described in said patent to

said trustees was on the 22nd day of April, 1889, opened to settlement under the act of congress approved March 2, 1889. That such tract of land was settled upon and occupied as a townsite shortly after noon of said day, and has continued to be and was at the time of said finding still held and occupied. The court further finds that on said 22nd day of April, 1889, the people then occupying said townsite had platted said tract of land into lots, blocks, streets and alleys, and the court further finds that the plaintiff there (that is the defendant in error herein) on said day, to-wit: The 22nd day of April, 1889, legally entered upon and occupied the particular piece or parcel of ground in controversy in this suit, and has continued to claim the same, that said piece or parcel of ground at that time was lots one and two in block twenty-four, according to the plat. The courts finds that subsequent to such occupancy, and prior to the conveyance to said trustees, a different plat and arrangement of the streets alleys, lots and blocks, was adopted and enforced by the parties occupying said townsite; that by said change of the plat, the land claimed by the plaintiff was thrown into the street, in Grand avenue, and the court finds that the plaintiff did not consent, but objected to said second plat, and has never consented thereto, or acquiesced therein. That thereafter the plaintiff in that case (defendant in error here) was forcibly removed from said parcel of ground, and has since that time been forcibly kept from the occupancy of said ground. That on the 21st day of April, 1891, the plaintiff applied to said defendants as said trustees, for a deed to said lots, that said trustees found the facts substantially as above stated, but declined to issue the deed therefor, and the court further finds that said city of Oklahoma City has appropriated said lots

to its own purposes as a street, and had appropriated the same prior to the conveyance of said tract by the United States to said trustees; the court further finds that said plaintiff was not occupying said tract of ground at the time the United States conveyed the same to the defendants as trustees, but said portion of said tract was at the time used and treated as a. street of said city.

Now this finding of the court shows that at the time that this land was opened for settlement under the act of congress the defendant in error herein had legally entered upon said tract of land, and was occupying it in accordance with the rules and regulations of the land department. That being true we take it that his interest and rights in said land attached at that time. That when he had complied with the rules and regulations of the land department, he was entitled to a deed. That he had a vested interest in these lots, and that any other occupying claimant, or any number of occupying claimants, who made up the townsite, at that time or subsequent, had no right to so change the plat as to take from him his interest in said lots, and put them into a public street or highway without his consent. Such a proceeding would be in violation of the constitution of the United States, and would be taking private property for public use, without compensation. The townsite trustees would have no right to deprive him of any property that he might have by virtue of his prior settlement, in these lots, and devote it to street purposes, without his consent and without compensation. His rights must be determined, it seems to us, by the conditions as they existed at the time of his settlement, upon these lots, which, according to the findings of the district court of Cana-

dian county, was on April 22, 1889. If at that time he had complied with the law, and the rules of the land department, and was entitled to a deed, then no subsequent action of the occupying claimants, of the townsite, or the townsite trustees, or the city of Oklahoma City, could take away his rights without his consent, except upon some legal proceeding and for adequate compensation.

In the case of *Sturr v. Beck,* reported in the 133 U. S. at page 545, the supreme court of the United States say:

"* * * Any settler who has settled, or who shall hereafter settle on any of the public lands of the United States, whether surveyed or unsurveyed, with the intention of claiming the same under the homestead laws, shall be allowed the same time to file his homestead application and perfect his original entry in the United States land office as is now allowed to settlers under the pre-emption laws to put their claims on record, and his right shall relate back to the date of settlement, the same as if he settled under the pre-emption laws, the ruling of the land department has been that if the homestead settler shall fully comply with the law as to continuous residence and cultivation, the settlement defeats all claims intervening between its date and the date of filing his homestead entry, and in making final proof his five years of residence and cultivation will commence from the date of actual settlement."

In *Witherspoon v. Duncan,* 4 Wall. 210-218, it is said:

"* * * * In no just sense can lands be said to be public lands after they have been entered at the land office, and a certificate of entry obtained. If public lands before the entry, after it they are private property."

In the decision in the case of *Sturr v. Beck, supra,* the court says:

"* * * * And as to mere settlement ·with the intention of obtaining title, under the pre-emption laws, while it. has been held that no vested right in the land as against the United States is acquired, until all of the prerequisites for the acquisition of title have been complied with, yet rights. in parties as against each other were fully recognized as existing, based upon priority in the initiatory steps, when followed up to a patent. 'The patent, which is afterwards issued,. relates back to the date of the initiatory act, and cuts off all intervening claimants.' "

In *Burlington K. & S. W. R. Co. v. Johnson,* 16 Pac. 125, the supreme court of Kansas say:

"A settler on the public lands of the United States who makes a valid homestead entry, and continues to reside on and improve the land entered, in compliance with the land laws, has the exclusive right to its possession and use, and to the improvements made thereon, and he also acquires equities in the land itself, which increase from the time the entry is made until the complete title is earned.

"Such a settler may sell and transfer a portion of his homestead for a right of way for a railroad, or his interest therein may be condemned and appropriated for such purpose upon adversary proceedings, and by paying full compensation to the settler therefor.

"A homesteader who has entered, and is proceeding lawfully to perfect his title to the land entered, suffers an injury from the building of a railroad over his homestead which differs only in degree from that sustained from the same cause by one who has the complete title."

Section 2339 of the Revised Statutes of the United States provides:

"Whenever by priority of possession, rights to the use of water for mining, agricultural, manufacturing or other pur--

poses, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws and the decisions of the courts, the possessors and owners of such vested rights shall be maintained and protected in the same."

But it may be contended that the defendant in error was not in the possession of said lots, and has abandoned the same, but a reference to the finding of fact by the district court of Canadian county will show:

"That thereafter the plaintiff was forcibly removed from said parcel of ground, and has since that time been forcibly kept from the occupancy of said grounds.

"That he did not consent but objected to the platting of said land as a street."

And under the holding of this court in the case of *Cook et al. v. McCord et al.* 9 Okla. 200, and the holding of the United States land department in *Betts v. Townley*, 20 L. D. 425, this is not abandonment, but preserves his entry intact.

Hence it seems to us that if the findings of the district court of Canadian county, were correct, and that the defendant in error, McMaster, was a legal occupying claimant upon the land at the time the patent was granted to the townsite trustees, then no action of such townsite trustees or the city of Oklahoma City, or the other occupying claimants, could divest him of his right in the property in question, without his consent and without compensation.

We think there was no error on the part of the district court of Oklahoma county, in admitting the record of this judgment as evidence.

The defendant below, plaintiff in error here, claims that

the court erred in admitting as evidence a certified copy of a certain order of the district court of Canadian county, made in Kingfisher county. But a reference to that order will show that it was an order designed to execute a previous order of that court. The order was in the nature of a mandamus, which, if the finding of the Canadian county court was that the defendant in error, McMasters, was entitled to a deed, at the hands of the townsite trustees, this would be the only adequate means by which the court could enforce such judgment. But it seems to us that the order made in Kingfisher county has but little bearing upon the merits of this case, for the reason that the rights of the parties had already been determined by the finding of the district court of Canadian county, in the order heretofore admitted by the court. If the finding of that court was correct, and, its correctness it seems to us cannot now be questioned after the time for appeal has expired, then McMasters was entitled to a deed at the hands of the townsite trustees, and such finding of the court was conclusive.

Hence we think the decision of the lower court was correct, and the judgment is hereby affirmed; not intending that this opinion shall be at variance with the doctrine laid down in the case of *City of Guthrie v. Beamer,* 3 Okla. 652, the facts in the two cases being different.

Burford, C. J., and Burwell, J., not sitting; Pancoast, J., dissenting; all the other Justices concurring.

Dissenting opinion by

Pancoast, J.: I cannot concur in the foregoing opinion. McMaster acquired no vested interest in the land claim-

ed by him by reason of his settlement and occupancy thereof; the land upon which he made settlement being designated by the plat and survey as a street divested him of whatever interest he may have had. (*The City of Guthrie v. H. C. Beamer,* 3 Okla. 652.)

A townsite settler cannot maintain an action against a board of townsite trustees appointed under and act of congress to compel a conveyance to him of property upon which he has made settlement.

The case of *McMaster v. The Townsite Trustees,* tried in Canadian county, never went to judgment; the court in that case never proceeded further than to make findings of fact in the case. This was not rendering a judgment; findings of fact by a court in a case tried to the court have no more force or effect than the verdict of a jury, when the case is tried to a jury.

The order made in Kingfisher county did not help matters, as the judge had no power or authority to make an order or render judgment in the case when absent from the county; such order was a nullity.

A settler claiming property under the United States townsite laws, before he can maintain an action in the territorial courts to litigate his claim must make application to the townsite trustees for a deed and if the trustees refuse to convey to him he must appeal and litigate the matter through all the branches of the interior department, if he fails to do this he abandons his claim, whatever it may be.

By platting government land as a townsite into lots, blocks, streets and alleys, the streets and alleys designated are

dedicated as streets and alleys to public uses and when a municipal corporation is afterwards organized covering the territory embraced in such townsite, such municipal corporation, where no conveyance has been made to it of the streets and alleys, does not become invested in the fee of such streets so as to enable one claiming a portion thereof to maintain an action for the title thereto.