### WHEELER v. SEXTON et al.

No. 11580—Opinion Filed June 12, 1923.

Rehearing Denied July 17, 1923.

1. **Appeal and Error—Abandonment of Assignments of Error by Failure to Brief.**
   Where errors are assigned in the petition in error, but are not mentioned in the argument or brief of counsel, and are not relied upon in the argument or brief for a reversal of the judgment complained of, they will be deemed waived and abandoned, and will not be regarded in the Supreme Court.

2. **Specific Performance—Oral Contract for Sale of Real Estate—Evidence.**
   Alleged statements and declarations by the defendant are not admissible in evidence against him in an action for the specific performance of an oral contract for the sale of real estate, where it is not shown that such statements had and reference to the title of the specific property involved, or any reference to the contract upon which the action was based.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Sallie C. Wheeler against W. H. Sexton and G. H. Lindsay for specific performance of contract. Judgment for defendants, and plaintiff brings error. Affirmed.

Gustave Erixon and John J. Carney, for plaintiffs in error.

H. F. Tripp, for defendants in error.

Opinion by FOSTER, C. Plaintiff in error, plaintiff below, commenced this action in the district court of Oklahoma county, Okla., against W. H. Sexton and G. F. Lind-

say, defendants in error, defendants below, to enforce the specific performance of an oral contract for the sale and conveyance of lots 33 and 34 in block 25, South Oklahoma addition to Oklahoma City, Okla. For convenience the parties will be designated as they appeared in the court below.

The plaintiff alleged in her petition that the defendants verbally agreed and promised to convey the title to said real estate to her in consideration of certain services to be rendered by her for the defendants, in the organization and development of a corporation, known as the Kool Kola Company: and that in pursuance of such agreement, the plaintiff fulfilled her part of the agreement, entered into possession of the property, and made lasting and valuable improvements thereon; that the defendants, and each of them, failed and refused to comply with the contract that they had made with plaintiff, and in violation of their contract have caused the title of said property to be conveyed to the defendant Sexton.

In the prayer of the petition, plaintiff prayed judgment ordering said defendants to make, execute, and deliver to her a good and sufficient warranty deed, conveying said real estate, and for an order restraining and enjoining defendants from, in any manner, interfering with plaintiff's possession of said property.

The answer of the defendants contained a general denial of the allegations in the petition, and set up ownership of said property by W. H. Sexton in fee simple.

At the trial, a jury was called in and impaneled and the following interrogatory propounded:

"Did the defendants, W. H. Sexton and G. F. Lindsay, for a valuable consideration, contract and agree with plaintiff to convey the real estate in question to plaintiff, and thereby vest her with the title thereto?"

To this interrogatory, the jury answered "No." The trial court adopted the verdict of the jury as its judgment, and rendered a decision accordingly in favor of the defendants. Motion for a new trial was filed and overruled, exceptions allowed, and the plaintiff appeals to this court and assigns the following errors:

"First. That said court erred in overruling motion of plaintiff in error for a new trial.

"Second. That said court erred in refusing to give the following instructions, asked for by plaintiff in error, to wit: Instruction No. 1 of plaintiff's requested instructions.

'Third. That said court erred in giving the following instructions to the jury, to wit: Instructions of court numbered 1, 2 and 3

"Fourth. That said court erred in refusing and ruling out competent and legal evidence offered on the part of the said plaintiff in error.

"Fifth. That said court erred in permitting irregularities in proceedings of the trial of said cause and abuse of discretion by the court by reason of which, plaintiff in error was prevented from having a fair trial."

The second, third, and fifth assignments of error are nowhere discussed or relied upon by the plaintiff in her brief, and under rule 26 of this court, will be regarded as waived and abandoned. Brigman v. Cheney, 27 Okla. 510, 112 Pac. 993; Steger Lumber Co. v. Hayes et al., 42 Okla. 716, 142 Pac. 1031; Oklahoma City v. McMaster, 12 Okla. 570, 73 Pac. 1012; Penny v. Fellner, 6 Okla. 386, 50 Pac. 123.

There remains for consideration only the first and fourth assignments of error. In those the plaintiff complains of error on the part of the trial court in ruling out and excluding the testimony of one Dr. G. S. Pettit.

From an examination of Dr. Pettit's testimony, it appears that about ten days before the trial he was called by the plaintiff to make a professional visit to see the defendant Sexton, at the residence of the plaintiff, 401 West Frisco street, Oklahoma City; that in answer to this call, he visited the defendant Sexton, and found him very much under the influence of intoxicants, and showing some evidence of alcoholic poison; that the defendant Sexton collapsed and fell to the floor, and it was necessary to restore him by the use of artificial respiration and a hypodermic of strychnine; that he returned the next day and found him in a measure sober.

In answer to a question propounded by counsel, the doctor continued:

"* * * But the next day when I went back in the morning, is when the conversation taken place and I says: 'How do you feel, Jim?' He says: 'Well, I feel mighty tough,' I says: 'Yes, you look like it'; and, says I. 'You will never be nearer dead in your life until you are dead and laid out than you were yesterday, because if it hadn't been for Mrs. Wheeler and I, you would have certainly been dead'; and, says I, 'Mrs. Wheeler is your best friend and you know it.' 'Yes,' he says, 'I know it'; and

he says: 'I am going to see that she gets a square deal in the home, in this home'; he said, 'a square deal in this home'; that's what he said."

All of this testimony was excluded by the court over the objections of plaintiff.

From an examination of the testimony of Dr. Pettit, it does not appear that defendant Sexton, in the statement inputed to him, "that he was going to see that Mrs. Wheeler got a square deal in the home," had any reference to the alleged contract upon which the plaintiff based her suit, and whether he had in mind the contract at all when he made the statement, is not in evidence. The inference might just as logically be made that he intended in the future to see that she got a home, as that he recognized an obligation under any contract previously made. Furthermore, the statement does not imply that he intended to convey to her the title to any specific piece of property, and the most that could be said was that he recognized it as a personal obligation, to see that Mrs. Wheeler was provided for.

Under the issues as framed by the pleadings, we fail to see where this testimony was material, and we therefore find that the trial court committed no error in excluding this testimony from consideration by the jury.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.